(No. C-790058—Decided April 2, 1980.)

*Mr. Thomas J. Geygan,* for appellee.
*Mr. Steven E. Simon,* for appellants.

*Per Curiam.* On April 16, 1978, the defendants-appellants, Harold and Linda McIntyre, entered into an exclusive listing agency contract with the plaintiff-appellee, Century 21 American Landmark, Inc. (hereinafter referred to as Landmark), under which they agreed, *inter alia,* to pay Landmark a 7 percent sales commission if it produced a ready, willing and able purchaser for their residence located in Forest Park, Ohio, by July 16, 1978, the date on which the contract ter-

minated. Alleging that it had located such a purchaser who within the time period specified in the contract had agreed to purchase the appellants' home for $43,900, and that the appellants were thus obligated to pay a 7 percent sales commission, Landmark filed a civil action in the Hamilton County Municipal Court seeking to collect such unpaid commission, which it valued at $3,073.

The action came on for trial without intervention of a jury on December 20, 1978, following which the judge presiding found that Landmark had successfully performed its contractual obligations, thus entitling it to receive its commission, and, accordingly, entered judgment in Landmark's favor in the full amount prayed for in the complaint. The instant appeal followed in which the appellants have given us a singular assignment of error for review.

It is clear from the manner in which the appellants have cast their singular assignment that they are proceeding upon the erroneous premise that their appeal derives from the grant of a motion for summary judgment in favor of Landmark by the court below. It appears that such misapprehension traces back to the day of trial on December 20, 1978, when in a preliminary statement made in open court the appellants' counsel expressed his belief that he was appearing only to present arguments on previously filed motions for summary judgment. We are convinced, however, after reviewing the transcript of the proceedings and the judgment entry, that a trial was, in fact, held on that day and that the instant appeal derives from the judgment entered on the basis of the evidence presented at trial. Accordingly, since the appellants have raised questions of law in argument before this court which are apposite to the integrity of the judgment entered below, we will consider their singular assignment as a challenge to the judgment on the ground that it was contrary to law.

With respect to the issue of Landmark's entitlement to a sales commission under its exclusive listing agency agreement with the appellants, the evidence adduced at trial shows that a written conditional offer to purchase the appellants' home was submitted to them on May 5, 1978. Such offer was apparently accepted two days later, after it was agreed that the purchase price would be increased by one thousand dollars over that appearing in the original offer. According to the resulting con-

tract to purchase, a standard form instrument signed by the appellants and the prospective buyers, the agreement to purchase was then contingent upon the buyers' acquisition of a mortgage loan from the Veterans Administration.

Under applicable Veterans Administration regulations, a loan commitment for the purchase of residential property required an antecedent physical inspection of the premises to be purchased. Any repairs ordered as a result of such inspection were to be made either at the owner's expense or through a designated escrow fund before the purchaser received guaranteed financing.

This aspect of the financing contingency was addressed in the tenth clause of the purchase agreement signed by the appellants in the following manner:

"***This agreement is contingent upon the following inspections: V.A. Said inspections are to be at buyer's expense, with written report(s) to be delivered on or before 23 June 1978 to buyer. Any repair work necessary as a result of the inspection report(s) may be done at Owner's expense, or *at Owner's option this agreement may be terminated.***" (Emphasis added.)

The appellants' home was inspected on May 23, 1978, and a mortgage loan was subsequently approved, conditional upon the exterior wood trim of the house being painted and the adjoining driveway being repaired. Upon learning that financing was contingent upon making the designated repairs, the appellants elected not to undertake the work at their own expense, and, accordingly, gave notice pursuant to the tenth clause of the contract that they were terminating the purchase agreement with the buyers secured by Landmark.

Despite the appellants' decision to terminate, Landmark persisted in its attempts to consummate a sale with the same prospective buyers. Ultimately, Landmark independently agreed to fund an escrow account to secure the repairs ordered by the Veterans Administration with a part of its expected commission from the sale of the appellants' home, thereby eliminating the final impediment to the acquisition of the financing required in the original purchase agreement. As a result, a closing date was set for the sale of the appellants' home, without their consent, under the original contract. When they received notice of the closing, the appellants sent a

mail gram reaffirming their earlier decision to terminate the agreement and informing Landmark that they would not appear on the scheduled date.

When announcing the decision from the bench following trial, the judge presiding specifically addressed the legal effect of clause ten in the contract to purchase, which dealt with the Veterans Administration inspection, and held that the provision as drafted made the contract illusory. The judge then engrafted upon the contract a rather unique interpretation culled from "general commercial usage" which, in effect, obligated the appellants to perform under the contract to purchase because "arrangements were made to make the repairs at no expense to the owner[s]." Under such interpretation, the judge concluded that Landmark had produced a ready, willing and able purchaser in accordance with the provisions of the exclusive listing agency contract, thus entitling it to a sales commission of $3,073.

For the reasons set forth, *infra,* we cannot lend our imprimatur to the construction placed upon the contract to purchase by the judge below, being further convinced that under the appropriate interpretation of that contract, Landmark was not entitled to a sales commission.

We start with the proposition that under the circumstances here present a real estate broker employed by a seller of residential property is entitled to a commission only if he procures a purchaser who thereafter enters into an enforceable contract with the seller. *Lohr* v. *Ford* (1952), 94 Ohio App. 17. See, also, *Harley E. Rouda & Co.* v. *Springtime Co.* (1975), 49 Ohio App. 2d 49. Application of the rule to the instant cause thus requires us to determine whether Landmark secured a buyer who entered into an enforceable contract of sale with the appellants.

After carefully reviewing the contingent contract signed by the appellants upon which Landmark unilaterally attempted to close, we are convinced that it was neither illusory, as the judge below held, nor unenforceable under the circumstances then present.

As we see it, a contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in ef-

fect, destroys his promise and thus makes it merely illusory. 1 Williston on Contracts (3 Ed. 1957) 140, Section 43.

It is apparent that the judge below regarded the appellants' power of termination in clause ten of the purchase agreement to be tantamount to an illusory promise. Such power, however, was far from unlimited; the ability to terminate the contract arose only upon the happening of an event, *i.e.*, a repair order resulting from a Veterans Administration inspection, over which the appellants had no control. In light of this condition, it is clear to us that the limited power of termination did not render the purchase agreement illusory.

Having established that clause ten lawfully conferred upon the appellants a limited right to terminate the purchase agreement, we are convinced, under the circumstances as they developed in the instant cause, that the agreement became unenforceable and, therefore, that Landmark was not entitled to a sales commission. Once the Veterans Administration conditioned financing upon the completion of the designated repairs, the evidence unequivocally demonstrates that the appellants refused to undertake those repairs, and, concomitantly, exercised their right to terminate the purchase agreement. Such termination precluded the broker and the prospective buyers from closing on the sale since the agreement had been rendered unenforceable.*

Accordingly, for the reasons set forth above, we find that the appellants' singular assignment of error is well taken. The decision of the Hamilton County Municipal Court is reversed and final judgment is rendered in favor of the appellants pursuant to App. R. 12(B).

*Judgment reversed.*

BETTMAN, P. J., SHANNON and BLACK, JJ., concur.

---

* There is no evidence in the record that a second offer to purchase was submitted to the appellants after they had terminated the agreement here in question. Absent such an offer and its acceptance, it is clear that there was no enforceable agreement upon which the parties could have proceeded to a closing.