The STATE of Ohio, Appellee,

v.

APONTE, Appellant.

[Cite as *State v. Aponte* (2001), 145 Ohio App.3d 607.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 99AP–695 and 99AP–696.

Decided Aug. 30, 2001.

608

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Laura M. Rayce,* Assistant Prosecuting Attorney, for appellee.

*Yeura R. Venters,* Franklin County Public Defender, and *John W. Keeling,* Assistant Public Defender, for appellant.

DESHLER, Judge.

Pursuant to this court's memorandum decision rendered June 13, 2000, sustaining the application of defendant, Osvaldo Aponte, for reopening of his appeal pursuant to App.R. 26(B), defendant-appellant appeals from judgments of conviction and sentence entered by the Franklin County Court of Common Pleas in case Nos. 95CR–2520 and 97CR–2388.

On April 27, 1995, defendant was indicted in case No. 95CR–2520 on one count of felonious assault, one count of having a weapon while under disability, and one count of failure to comply with an order or signal of a police officer. The charges of felonious assault and weapon under disability each included firearm specifications.

On April 10, 1997, defendant entered into a "defendant's agreement," signed by defendant, his attorney, an assistant prosecuting attorney, and a detective. The agreement included defendant's promise to testify truthfully before a grand jury in the prosecution of other individuals, to have no further contact with individuals who might be investigation targets, and to aid law enforcement officials in the arrest and conviction of others known to be involved in narcotics and weapons violations.

Under the terms of the agreement, defendant was to enter guilty pleas to the charges of felonious assault and weapon under disability in case No. 95CR–2520. It was also contemplated that defendant would plead guilty to a bill of information in case No. 97CR–2388, under which defendant had been charged with one

count of felonious assault, one count of vandalism, and one count of having a weapon under disability, all counts carrying firearm specifications.

On April 29, 1997, defendant appeared before the trial court and entered guilty pleas to the charges of felonious assault and weapon under disability in case No. 95CR–2520; he also entered guilty pleas to the three counts (felonious assault, vandalism, and weapon under disability) in case No. 97CR–2388. At the hearing, both the prosecutor and counsel for defendant indicated that all of the pleas being entered were pursuant to the agreement executed April 10, 1997. Counsel for defendant also stated on the record that the plea agreement was against his advice, but counsel further stated that he believed that his client was acting knowingly, intelligently, and voluntarily.

Defendant was released on a recognizance bond, and a sentencing hearing was scheduled for August 21, 1997. Defendant failed to appear at the hearing and, on August 26, 1997, the trial court ordered a forfeiture of bail for failure to appear and issued a capias for defendant's arrest. Defendant was taken back into custody approximately one year later.

On March 16, 1999, defendant filed a motion, pursuant to Crim.R. 32.1, seeking to withdraw his guilty pleas entered in case Nos. 95CR–2520 and 97CR–2388. In the accompanying memorandum, defendant argued in general that presentence motions to withdraw guilty pleas should be freely allowed, and that the plea colloquy in the instant case failed to disclose a sufficient factual basis to support a finding of guilty. On April 1, 1999, the trial court conducted a hearing on defendant's motion to withdraw his guilty pleas. By decision and entry filed April 16, 1999, the trial court overruled defendant's motion.

By entry filed May 3, 1999, the trial court sentenced defendant in case No. 95CR–2520 to a term of ten to twenty-five years' incarceration on the felonious assault count, twelve months on the weapon under disability count, and three years on each of the firearm specifications, such specifications to be merged for one three-year term of incarceration. The court further ordered the sentences to run consecutive to each other.

The court filed a further entry on May 3, 1999, sentencing defendant in case No. 97CR–2388 to ten to twenty-five years' incarceration on the felonious assault count, twelve months on the vandalism count, twelve months on the weapon under disability count, and three years on the firearm specifications (again merging the specifications for one three-year term). The court further ordered the sentences to run consecutive with each other and consecutive to the sentences imposed in case No. 95CR–2520.

Defendant appealed the court's judgments, asserting in his assignments of error that the trial court erred in refusing to grant his motion to withdraw his

guilty pleas, and further contending that he was denied effective assistance of counsel. Regarding his assertion that he should have been allowed to withdraw his guilty pleas, defendant argued that the trial court failed to inform him of the elements of offenses to which he was pleading guilty and, further, that there was confusion as to the sentences that could be imposed. In *State v. Aponte* (Mar. 9, 2000), Franklin App. No. 99AP–695, unreported, 2000 WL 256195, this court overruled defendant's assignments of error and affirmed the judgment of the trial court.

Defendant subsequently filed an application for reopening, pursuant to App.R. 26(B), asserting ineffective assistance of appellate counsel. By memorandum decision rendered June 13, 2000, this court found that there was a "genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal," and thus this court sustained defendant's application for reopening.

On appeal, defendant sets forth the following single assignment of error for review:

"Appellate counsel failed to raise the proper legal issues on appellant's appeal as of right and the appellant was prejudiced by this deficient performance of counsel."

Under his single assignment of error, defendant argues that his appellate counsel was ineffective in failing to argue that the plea agreement he entered was not enforceable. Specifically, defendant contends that the plea agreement was illusory and unconscionable, and that the agreement was never stated on the record, as required by Crim.R. 11(F).

The Ohio Supreme Court has held that "[t]he two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] * * * is the appropriate standard to assess whether [an applicant] has raised a 'genuine issue' as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5)." *State v. Palmer* (2001), 92 Ohio St.3d 241, 243, 749 N.E.2d 749. Thus, in order to show ineffective assistance, defendant must show that his counsel was " 'deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal.' " *Id.*, quoting *State v. Sheppard* (2001), 91 Ohio St.3d 329, 330, 744 N.E.2d 770.

At issue are the terms of the plea agreement signed by defendant on April 10, 1997. The agreement provides:

"6. The defendant * * * agrees and understands that the terms of this Agreement are fulfilled only upon the determination of the Prosecuting Attorney.

"* * *

"8. Now therefore, the defendant agrees to cooperate specifically in the following manner:

"a. The defendant shall provide all intelligence necessary and assist in the arrest and conviction of three known targets for narcotics and weapons violations. * * * Mr. Aponte Jr. agrees to perform any other lawful duties required by the detectives as they relate to this Agreement. * * *

"9. In exchange for the aforementioned cooperation, the Franklin County Prosecuting Attorney, with the consent of the police agency identified herein, agrees that any criminal or civil action taken against this defendant shall be limited to the following as such action relates to this investigation:

"a. If the State of Ohio, through the Prosecuting Attorney's Office determines that this agreement has been fulfilled in its entirety, the defendant shall then and ONLY THEN be allowed to withdraw his previously entered pleas of guilty to the indictment in case number 95CR–04–2520 * * * and to the Bill of Information * * * and shall be allowed to plead guilty to Having Weapons While Under Disability with specs in case number 95CR–04–2520 and Aggravated Assault on a Peace Officer by way of Bill of Information. * * * The prosecution will not object to concurrent time for both of these offenses. The defendant shall be entitled to 365 days of Jail Time Credit as stipulated by all parties."

Defendant maintains that his appellate counsel, during the direct appeal of his convictions, failed to focus on the specific terms of the agreement that served as the inducement for his guilty pleas, terms the defendant argues included a promise the prosecution had no authority to make. Defendant notes that the terms provided that, if the prosecutor's office determined that the agreement had been fulfilled, defendant would be allowed to withdraw his previously entered guilty pleas and would then be permitted to plead to just two reduced felony charges of the third and fourth degree. Further, the prosecution would not object to concurrent time for both of the offenses, and defendant would be granted one year of jail time credit. Defendant argues that this agreement provided a significant inducement to defendant, since he would be facing a minimum of six months of imprisonment and up to a maximum of four years with the jail time credit.

 In general, a plea bargain is "contractual in nature and subject to contract-law standards." *State v. Butts* (1996), 112 Ohio App.3d 683, 686, 679 N.E.2d 1170. Although contractual in nature, courts have noted that plea agreements "are more than that," as "a defendant's underlying right of contract is constitutional, and therefore implicates concerns in addition to those pertaining to the formation and interpretation of commercial contracts between private parties." *United States v. Randolph* (C.A.6 2000), 230 F.3d 243, 249.

As noted, defendant contends in part that the plea agreement was illusory and unconscionable. In the context of contract law, courts have defined "unconscionability" "as 'an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party.'" *Dorsey v. Contemporary Obstetrics & Gynecology, Inc.* (1996), 113 Ohio App.3d 75, 80, 680 N.E.2d 240, quoting *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. It has been held that a contract is illusory "when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." *Century 21 Am. Landmark, Inc. v. McIntyre* (1980), 68 Ohio App.2d 126, 129–130, 22 O.O.3d 141, 427 N.E.2d 534.

Defendant argues that an agreement that allows one of the parties to make a unilateral determination as to whether the terms of the agreement have been fulfilled constitutes an illusory contract. Defendant also contends that an agreement that provides that a prosecutor will allow defendant to withdraw his guilty plea fails for want of consideration because the prosecutor lacks the authority to make such a promise.

■ To the extent that a plea agreement permits the prosecution discretion to determine whether a defendant has complied with certain terms therein, we would not conclude that such a provision is, *per se*, illusory, assuming that a defendant knowingly and voluntarily entered into such an agreement and that there was otherwise valid consideration for the agreement. We note that some federal courts have upheld so-called "sole discretion" clauses, subject to a court's determination that the prosecution has exercised "good faith" in carrying out its obligations under the agreement. See, *e.g., United States v. Rexach* (C.A.2, 1990), 896 F.2d 710, 714 (where agreement provides for a motion for downward departure on the condition the defendant provides substantial assistance to be determined in the discretion of the prosecutor, the court's role is limited to deciding whether the prosecutor has made its determination in good faith).

■ The issue we view of greater concern is not that the prosecutor reserved the right to determine whether defendant had fulfilled his obligations, but, rather, that the agreement provided that, upon such a determination, defendant shall then "be allowed to withdraw his previously entered pleas of guilty." We agree with defendant's contention that the prosecutor had no authority to fulfill that promise, as "[t]he decision to deny or grant a motion to withdraw a guilty plea is within the sole discretion of the trial court." *State v. Herman* (Feb. 2, 1990), Montgomery App. No. 11786, unreported, 1990 WL 7937, citing *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863. See, also, *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph two of the syllabus

("The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.").

In order for a guilty plea to comply with due process, it must be voluntarily given by defendant, and "[a] guilty plea induced by 'unfulfilled or unfulfillable promises,' made by either the prosecution, the court, or defendant's counsel is not voluntary." *State v. Hawk* (1992), 81 Ohio App.3d 296, 299, 610 N.E.2d 1082. See, also, Katz & Giannelli, 2 Criminal Law (1996) 152, Chapter 44.6 ("An unfulfillable promise is an insufficient basis for a plea bargain."). In *State v. Bowen* (1977), 52 Ohio St.2d 27, 29, 6 O.O.3d 112, 368 N.E.2d 843, the Ohio Supreme Court held that a plea was not voluntary, and therefore void, where it was induced by a promise to recommend to the trial court the imposition of a sentence not authorized by law. Under the facts of *State v. Mays* (Mar. 15, 1985), Marion App. No. 9–83–30, unreported, 1985 WL 9093, the prosecutor indicated that part of a plea agreement included no objection by the prosecutor to defendant's request to go to the Mansfield Reformatory, a promise that could not be fulfilled based upon a statutory provision. The court, relying on *Bowen*, held that the guilty plea was involuntary and void, as it was "induced by a nonperformable promise."

In the present case, the prosecution made a promise to produce a result (*i.e.*, withdrawal of a guilty plea) that was beyond its authority to fulfill. Further, it cannot be disputed that the provision regarding withdrawal of the guilty pleas was critical to the agreement, "likely to inculcate belief and reliance and was therefore an essential element of the plea bargain." *United States v. Hammerman* (C.A.4, 1975), 528 F.2d 326, 330. In *Hammerman*, the court noted that "an assurance not within the power of the prosecutor to make, is a promise that cannot be kept, and such an unkept bargain which has induced a guilty plea is grounds for relief." *Id.* at 331. Nor does it matter that the promise may have been made in good faith; rather, what matters is that the promise was probably relied upon and was "unfulfillable." *Id.*

It has been noted that, "where a guilty plea is brought about by a promise that is legally impossible to fulfill, not only has the prosecution failed in its duty, but the defense counsel has rendered incompetent advice by not advising the defendant that portions of the plea bargain agreement are not legally fulfillable." *State ex rel. Morris v. Mohn* (1980), 165 W.Va. 145, 267 S.E.2d 443, 446. In the instant case, while the record of the plea hearing indicates that trial counsel advised his client against entering the plea, trial counsel failed to raise the issue before the trial court that a crucial promise embodied in the plea agreement was beyond the power of the prosecutor to fulfill. Because defendant could not legally rely upon such a promise to induce a guilty plea, the agreement was

invalid from its inception. Thus, in addition to trial counsel's deficient performance in failing to inform the court that withdrawal of a plea was not within the power of the prosecutor, we find that appellate counsel's performance was similarly deficient in failing to raise this issue on appeal. Further, we conclude that such deficiency prejudiced defendant.

 We note that the state raises the contention that defendant's claims are barred by the doctrine of *res judicata*. Specifically, the state argues that defendant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Ohio Supreme Court. In *State v. Murnahan* (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204, the Ohio Supreme Court held that claims of ineffective assistance of counsel may be barred by *res judicata* unless the circumstances render application of the doctrine unjust. As previously noted, the pleas entered in this case were induced by reliance on an unfulfillable promise, thereby rendering the pleas involuntary. Sentences based upon such pleas are deemed to be void. See *Bowen, supra.* Thus, under the circumstances of this case, we find that the application of *res judicata* would not be just, and we conclude that this matter must be remanded to the trial court to vacate its judgments and to allow defendant to withdraw his previously entered pleas. Accordingly, we sustain defendant's assignment of error.

 Finally, although our discussion above in effect renders moot defendant's argument regarding whether the trial court complied with Crim.R. 11(F), we note the following on this issue. Pursuant to the requirements of Crim.R. 11(F), when a negotiated plea of guilty in a felony case is offered, "the underlying agreement upon which the plea is based shall be stated on the record in open court." A review of the transcript of the hearing before the trial court on April 29, 1997, indicates that, although the prosecutor and defense counsel explicitly noted the existence of the April 10, 1997 agreement, and that the plea was being entered pursuant to that agreement, none of the terms of the agreement was ever discussed on the record. Further, while the transcript suggests that the trial court had spoken with the parties at a conference in chambers, the record fails to reveal whether the terms were discussed with the court at that time. Thus, it is not clear from the record whether the court was actually made aware by the parties of the prosecution's purported promise to allow defendant to withdraw his guilty plea in the event the defendant fulfilled certain conditions. Accordingly, a review of the record supports defendant's contention that the requirements of Crim.R. 11(F) were not followed as the plea agreement was not stated on the record in open court.

Based upon the foregoing, defendant's single assignment of error is sustained, the judgment of the trial court is vacated, and this matter is remanded to the

Franklin County Court of Common Pleas with instructions to afford defendant an opportunity to withdraw his guilty pleas.

*Judgment vacated
and cause remanded.*

PEGGY BRYANT, P.J., and PETREE, J., concur.