DECISION
{¶ 1} On June 23, 2001, defendant-appellant David Vega purchased seven pieces of construction equipment at a county auction for $51,145. He paid the amount with a check drawn on a closed account. When this was discovered, the equipment was seized, and Vega was charged with theft in violation of R.C. 2913.02(A)(3) and passing bad checks in violation of R.C. 2913.11(A). On April 17, 2002, a plea agreement was entered into by the defense and the prosecution and was presented to the court. The bargain had four essential elements: (1) Vega would enter a guilty plea to the bad check charge in exchange for dismissal of the theft charge; (2) Vega would pay the $51,000 owed to the county before sentencing; (3) the county would turn over to Vega the seven vehicles originally purchased if he paid the money; and (4) if the first three elements were met, the state would recommend a community-control sentence. The record indicates that the court approved the bargain, but warned Vega that if the terms of the bargain were not met, the state's recommendation would be "off the table." The court went on to say to Vega, "All right, sir. And then, what we're saying is with that understanding as to the provisions of the plea bargain, all of this is to take place so that at the time of sentence, it can be represented to the Court that it's a done deal." The defense agreed with the court's summation. Based on this agreement, Vega entered a guilty plea to the bad-check charge, and the theft charge was dismissed.
 {¶ 2} After several delays, sentencing was set for June 28, 2002. Vega represented to the court that he had had the money and had been ready to pay $51,000 to the county on June 27 and again at the sentencing hearing on June 28, but that the county had already sold the equipment. Since he was not going to receive the equipment, Vega did not make the payment. The court proceeded to sentence Vega to one year in prison.
 {¶ 3} In his sole assignment of error, Vega asserts that the trial court abused its discretion in not enforcing the plea agreement. We agree, albeit for different reasons.
 {¶ 4} The final judgment on whether to accept a plea bargain rests with the trial court.[1] Where the prosecution agrees to recommend a sentence to the court as a part of the plea agreement and the state fulfills its obligation, the plea bargain is valid even where the court does not follow its recommendation.[2]
 {¶ 5} Here, the state argues that, even though it did not recommend the imposition of a community-control sanction at sentencing, it fulfilled its part of the agreement because the defendant's theft charge was dismissed. The record, however, reflects that the plea agreement also required more than the dismissal of a charge. The agreement also provided that if Vega made restitution before sentencing, the county would return the equipment to him and the state would recommend a community-control sanction at sentencing.
 {¶ 6} A plea bargain is contractual in nature and is subject to common-law standards.[3] As such, courts must examine what the parties reasonably understood at the time of the guilty plea and determine if there has been a breach of contract.[4]
 {¶ 7} Vega entered into a plea agreement with the state. In exchange for entering a guilty plea on the passing-bad-checks charge, the state was to dismiss the theft charge and to hold the equipment until sentencing so that Vega could make restitution. The state failed to meet its part of the bargain. The record reflects that Vega attempted to tender $51,000 to the county on June 27, 2002, the day before sentencing, but that the county had sold the equipment. The prosecutor stated at the sentencing hearing that "the county got tired of waiting for Mr. Vega to come up with the money and * * * sold the equipment." Under the terms of the agreement, the state was in material breach on June 15, 2002, when it sold the equipment and prevented Vega from fulfilling his part of the bargain.
 {¶ 8} In order for a guilty plea to comply with due process, the defendant must voluntarily enter his plea. "`A guilty plea induced by `unfulfilled or unfulfillable promises,' made by either the prosecution, the court, or the defendant's counsel is not voluntary.'"[5] Sentences based on such pleas are void as a matter of law.[6]
 {¶ 9} Upon the record before us, we conclude that Vega entered his plea upon the state's inaccurate representation of a critical element of the bargain, that is, that the goods would be tendered to Vega if he made restitution before sentencing. Because the goods could not be tendered at the time Vega came forward with the money, the bargain was invalid. And Vega's guilty plea, which was entered based on the invalid bargain, must be held to have been involuntary and void as a matter of law. Therefore, we sustain Vega's assignment of error.
 {¶ 10} Accordingly, we reverse the judgment of conviction entered below and remand with instructions that Vega be granted leave to withdraw his guilty plea and for further proceedings not inconsistent with this Decision and the law.
Judgment reversed and cause remanded.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] See Akron v. Ragsdale (1978), 61 Ohio App.2d 107, 399 N.E.2d 119, paragraph one of the syllabus.
[2] See State v. Walker (1999), 6th Dist. No. L-98-1210.
[3] See State v. Aponte (2001), 145 Ohio App.3d 607, 612,763 N.E.2d 1205.
[4] See State v. Underwood (1996), 8th Dist. No. 68321.
[5] State v. Aponte, supra, at 614, quoting State v. Hawk (1992),81 Ohio App.3d 296, 299, 610 N.E.2d 1082.
[6] See State v. Bowen (1977), 52 Ohio St.2d 27, 29-30,368 N.E.2d 843.