OPINION
{¶ 1} Defendant-appellant, American Family Insurance Company ("appellant"), appeals from the December 15, 2004 judgment entry of the Franklin County Court of Common Pleas, in which that court entered judgment against appellant and in favor of plaintiff-appellee, Jennifer Snyder ("appellee").
 {¶ 2} The facts pertinent to this appeal are undisputed. On October 19, 2001, appellant issued to appellee an automobile liability insurance policy ("the policy"). The policy was renewed on October 19, 2002, and provided uninsured motorist ("UM") coverage with limits of $100,000 per person and $300,000 per accident. The UM portion of the policy provided, inter alia, "We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle."
 {¶ 3} On November 2, 2002, appellee, who is a police officer employed by the City of Columbus ("Columbus"), was pursuing a suspect on foot and chased the individual through a yard. Another officer, who was pursuing the same individual, drove her cruiser up onto the lawn and struck appellee, causing her injuries.
 {¶ 4} Appellee sought UM coverage under the policy, and appellant denied coverage for two stated reasons: (1) that Columbus is not an uninsured motorist because the city is self-insured; and (2) that the plaintiff was not "legally entitled to recover" against the city or the individual tortfeasor because both are statutorily immune from liability.
 {¶ 5} Later, appellee instituted the instant action seeking a declaratory judgment that she is entitled to coverage under the policy for compensatory damages resulting from the injuries she suffered in the accident. The parties filed cross-motions for summary judgment. On March 31, 2004, the trial court granted appellee's motion for partial summary judgment, ruling that appellant must provide coverage for appellee's claim. The parties stipulated to the negligence of the officer who struck appellee (hereinafter, "the officer"), and also stipulated that appellee's damages totaled $90,000. On December 15, 2004, the trial court entered judgment against appellant and in favor of appellee, in the amount of $90,000. Appellant timely appealed, and asserts a single assignment of error:
THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND IN DENYING DEFENDANT-APPELLANT'S CROSS MOTION FOR SUMMARY JUDGMENT.
 {¶ 6} We view the trial court's grant of summary judgment independently and without deference to the trial court's determinations. Brown v. Cty. Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. In conducting our review, this court applies the same standard the trial court employed. Maust v.Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103,614 N.E.2d 765, jurisdictional motion overruled (1993), 66 Ohio St.3d 1488,612 N.E.2d 1244.
 {¶ 7} Summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp.Rels. Bd. (1997), 78 Ohio St.3d 181, 677 N.E.2d 343. We review questions of law de novo. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, citing Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147, 593 N.E.2d 286.
 {¶ 8} We begin with a recapitulation of the substance of the proceedings below. In her motion for partial summary judgment, appellee argued that coverage exists pursuant to R.C.3937.18(B)(5),[1] which provides that an "uninsured motorist" is an owner or operator of a motor vehicle if "[t]he owner or operator has immunity under Chapter 2744 of the Revised Code." Because both Columbus and the officer are immune from liability pursuant to that chapter, appellee reasoned, both are "uninsured motorists" for purposes of her claim under the policy.
 {¶ 9} In its motion for summary judgment and in its memorandum in opposition to appellee's motion for summary judgment, appellant argued that Columbus, which pays tort victims from its own funds and does not hold any automobile liability insurance policies, is not an uninsured motorist pursuant to R.C.3937.18(B), which provides that, "[a]n `uninsured motorist' does not include the owner or operator of a motor vehicle that is self-insured within the meaning of the financial responsibility law of the state in which the motor vehicle is registered." In response, appellee argued that Columbus is not self-insured within the meaning of the financial responsibility law of Ohio.
 {¶ 10} Appellant also argued that the policy does not cover appellee's claim because the policy plainly excludes from coverage any claims with respect to which the insured is not "legally entitled to recover" from the tortfeasor. Appellant argued that appellee is not "legally entitled to recover" damages from the City or from the officer by virtue of the immunities conferred upon them by R.C. Chapter 2744.[2] In response, appellee argued that the General Assembly's choice to remove "legally entitled to recover" language that had been included in earlier versions of R.C. 3937.18 demonstrates that the affirmative defense based on that language is no longer available, notwithstanding the fact that the same language excised from the statute is contained in the policy.
 {¶ 11} The trial court was persuaded by appellee's arguments. The court found that because Columbus is undisputedly exempt from the laws relating to proof of financial responsibility the municipality is not "self-insured" as that term is used in R.C.3937.18(B)(5). Thus, the court concluded, Columbus is an uninsured motorist for purposes of R.C. 3937.18(B). The court also rejected appellant's argument that Columbus is "self-insured in the practical sense."
 {¶ 12} Finally, the trial court found that the "legally entitled to recover" language in the policy does not preclude coverage of appellee's claim. The court reasoned that the determination whether an insured is legally entitled to recover does not take into account any affirmative defenses that the tortfeasors might raise — such as statutory immunity — but requires only an examination as to whether the insured could prove the basic elements of his or her tort claim against the tortfeasor. The trial court based this conclusion on the fact that the applicable version of R.C. 3937.18 does not contain the phrase "legally entitled to recover," as earlier versions had, but "only mentions the insured's ability to prove all of the elements of its claim as a condition [of coverage]."[3]
 {¶ 13} The court went on to conclude that it would be "inconsistent and illogical" to hold that the same immunity that brings a claim within the purview of the statute, by virtue of the statutory definition of "uninsured motorist," would render coverage not available because the insured is not "legally entitled to recover" from the immunized tortfeasor. The court summarized its viewpoint thusly:
If that indeed was what the [General] Assembly intended, then it would make no sense to even include entities immune under O.R.C. Chapter 2744 within the purview of O.R.C. § 3937.18 to begin with. There would be no reason to define as `uninsured motorist' one who by reason of his immunity would then be excluded from the statute.[4]
The trial court concluded by ruling that appellee need only prove the elements of her negligence claim in order to be "legally entitled to recover" from the tortfeasors, and the affirmative defense of immunity plays no part in the analysis of coverage under the terms of the policy.
 {¶ 14} The parties have fully briefed both issues presented by the assignment of error, which are: (1) whether Columbus is self-insured for purposes of R.C. 3937.18(B), and (2) whether appellee is "legally entitled to recover" from the tortfeasors. We need only discuss the latter issue, however, because the same is dispositive of this appeal.
 {¶ 15} We begin our discussion of the second issue presented by recalling that, in determining whether an insured is entitled to UM coverage, we must consider both the language of the policy and the law in effect at the time of the accident in which appellee sustained her injuries. Ross v. Farmers Ins. Group ofCos. (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, syllabus. We review the policy just as we would any other contract. Andersonv. Highl and House Co. (2001), 93 Ohio St.3d 547,757 N.E.2d 329.
 {¶ 16} As we noted earlier, the pertinent provision of the policy provides, "We will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle." Appellant urges us to follow the holding of the Supreme Court of Ohio in the case of State Farm Mut. Auto. Ins. Co. v. Webb
(1990), 54 Ohio St.3d 61, 562 N.E.2d 132, syllabus. In that case, the court held, "[A]n insurer is not liable to its insured on an uninsured motorist claim where the claim arises from an accident in which the tortfeasor motorist causing the insured's injuries has liability insurance but is immune pursuant to the statutory fellow-employee doctrine, because the insured is not legally entitled to recovery from the tortfeasor."
 {¶ 17} The version of R.C. 3937.18(A) that was applicable inWebb required uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners and operators of uninsured motor vehicles because of bodily injury." The statute did not define the phrase "legally entitled to recover." The court determined that this language "is simply not ambiguous and requires no construction. The words in their common and ordinary sense have but one reasonable meaning — that one fellow employee is not entitled to recover damages from another arising out of the injuries received at the workplace in the course of their employment." Id. at 63. In essence, then, the court held that defenses such as immunityare germane to the determination of whether an insured is "legally entitled to recover" from the uninsured tortfeasor.
 {¶ 18} The policy in the instant case contains language similar to that contained in the statute at issue in Webb, and also does not define the phrase "legally entitled to recover." Thus, argues appellant, the situation facing this court is the same as that which the Webb court faced, and the result, too, should be the same. Appellant argues that because appellee cannot legally recover damages from Columbus (because of the immunity conferred by R.C. 2744.02), nor can she legally recover damages from the officer (because of the immunity conferred by R.C.2744.03 and because of fellow-servant immunity conferred by R.C.4123.741), she has not met a condition precedent to coverage under the policy and thus is not entitled to same.
 {¶ 19} After Webb, R.C. 3937.18 was amended to define the phrase "legally entitled to recover" as "able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle." Several years later, the General Assembly again amended the statute by permitting statutory immunity, except for sovereign immunity, to be raised as a bar to UM claims. Once again, in 2001, the legislature amended the statute, this time removing the phrase "legally entitled to recover" and all references thereto. The new version, which is the version applicable herein, also contains the following language:
With respect to the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages included in a policy of insurance, an insured shall be required to prove all elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured or underinsured motor vehicle.
R.C. 3937.18(D).
 {¶ 20} Appellee argues that this language, coupled with the complete removal of the phrase "legally entitled recover" and of all references to immunity defenses, evinces an intention by the General Assembly to render defenses such as immunity wholly irrelevant to the inquiry whether an insured is legally entitled to recover from the tortfeasor. In other words, so long as she can prove the basic elements of negligence vis à vis the tortfeasor, she is entitled to coverage under the policy. She contends that, "[i]f the legislature had intended to provide additional immunity defenses to insurers, it would have included similar language as that found in the prior 1997 and 2000 versions of the statute. Removing the immunity defense language from the statute in 2001 also eliminated this defense for insurers." (Brief of appellee, 19.)
 {¶ 21} We disagree. The multiple changes to R.C. 3937.18
effected by S.B. 97 and S.B. 267 reveal a clear legislative intent to disengage from earlier attempts to dictate that UM coverage be offered or provided, and to dictate which limitations on coverage will or will not be enforceable. For instance, the legislature completely eliminated the requirement that UM coverage be offered with each automobile liability policy. Moreover, the General Assembly added the following language, which had never before been a part of that statute:
Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances:
* * *
R.C. 3937.18(I). (Emphasis added.)
 {¶ 22} Thus, while the General Assembly removed from the statute preconditions or preclusions to coverage, such as the phrase "legally entitled to recover" and certain immunities, it expressly left to the contracting parties to agree upon any "terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances." The fact that the legislature removed its own "terms and conditions that preclude coverage" from the statute does not mean that no such terms and conditions are permitted to be placed in policies with UM coverage. Rather, R.C. 3937.18(I) reveals that the legislature sought to "deregulate" such policies, leaving to the parties whether any preconditions or exclusions to coverage will govern their relationship.
 {¶ 23} Moreover, R.C. 3937.18(D), which states that "an insured shall be required to prove all elements of the insured's claim that are necessary to recover from the [tortfeasor]" does not equate to a prohibition on all conditions precedent to coverage, or exclusions therefrom, even those based upon the affirmative defenses of sovereign immunity or fellow-servant immunity. R.C. 3937.18 sets forth a floor, not a ceiling. That is, it sets forth the minimum that an insured must be able to prove in order to be entitled to UM coverage for each particular claim. However, R.C. 3937.18(I) makes it clear that the contract can require that the insured prove something more; e.g., as in this case, she must prove that she could actually obtain a judgment from the tortfeasor. Because Columbus and the officer are statutorily immune from liability, as appellee concedes, she cannot meet this condition precedent to coverage.
 {¶ 24} As the Webb court noted, "It is a universal legal maxim that an insurance company must be able to assert the same defenses as the party for whose injurious action it is requested to provide compensation. There is no reason why carriers should be refused the right to assert the very same rights and defenses available to the person whose alleged negligence they are required to indemnify." State Farm v. Webb (1990),54 Ohio St.3d 61, 64, 562 N.E.2d 132.[5]
 {¶ 25} Thus, taking into account the language of the applicable version of R.C. 3937.18 and the unambiguous language of the policy, appellee is required, as a condition precedent to coverage under the UM portion of the policy, to prove that she is legally entitled to recover from Columbus and/or the officer. This determination is subject to any and all statutory and common-law defenses that could be raised by the tortfeasors themselves. It is undisputed that Columbus and the officer are immune from liability for appellee's injuries. Thus, she cannot meet the condition precedent to coverage that is contained in the policy, and therefore, appellant is entitled to judgment as a matter of law.
 {¶ 26} The result we reach today does not render the policy illusory. "[A] contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." ErieIns. Exch. v. Colony Dev. Corp, 10th Dist. No. 02AP-1087,2003-Ohio-7232, ¶ 53, quoting Century 21 Am. Landmark, Inc. v.McIntyre (1980), 68 Ohio App.2d 126, 129-130, 22 O.O.3d 141,427 N.E.2d 534, citing 1 Williston on Contracts (3 Ed. 1957) 140, Section 43.
 {¶ 27} Here, although appellee is not covered for her injuries suffered as a result of the November 2, 2002 incident, the face of the policy demonstrates that she does benefit from the policy. Although subject to exclusions, the UM portion of the policy provides that appellant will pay compensatory damages for bodily injury that appellee is legally entitled to recover from the uninsured motorist. Thus, again, subject to other exclusions, in all situations in which appellee sustains bodily injury for which she is able to legally recover compensatory damages from the uninsured motorist, appellant will pay such compensatory damages. That appellee cannot recover under the policy for this specific claim does not mean there are not a myriad other situations in which she would have general coverage thereunder. Thus, the UM portion of the policy is not illusory.
 {¶ 28} For all of the foregoing reasons, we sustain appellant's sole assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand the matter to that court for further proceedings.
Judgment reversed; cause remanded.
Petree and Deshler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] In the proceedings below, the parties disputed which version of R.C. 3937.18 was applicable to the policy, and the trial court ruled that the applicable version was the post-S.B. 97 and S.B. 267 version of the statute. In its appellate brief, appellant stipulated that, for purposes of this appeal, the applicable version of the statute is indeed the post-S.B. 97 and S.B. 267 version.
[2] Columbus enjoys sovereign immunity pursuant to R.C.2744.02(B)(1)(a) and the officer is immune from liability pursuant to R.C. 2744.03(A)(6) and R.C. 4123.741, the fellow-servant statute.
[3] March 31, 2004 Decision and Entry Granting Plaintiff Jennifer Snyder's Motion for Partial Summary Judgment and Denying Defendant American Family Insurance Company's Cross Motion for Summary Judgment, 12.
[4] Id. at 13. (Emphasis sic.)
[5] Appellee correctly points out that several courts have held that Webb was superseded by statute and is no longer good law. However, we find it instructive for our purposes because inWebb, just as in the present case, the court dealt with the phrase "legally entitled to recover" (albeit in the statute instead of in the contract) without the benefit of a statutory or contractual definition of that phrase. See Nova v. State FarmMut. Automobile Ins. Co., 9th Dist. No. 21885,2004-Ohio-3419, ¶ 9, fn. 5, discretionary appeal not allowed,103 Ohio St.3d 1526, 2004-Ohio-5852, 817 N.E.2d 409.