[Cite as *State v. Hughes*, 2020-Ohio-4264.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2020-02-026 |
| | | CA2020-02-028 |
| Appellee, | : | |
| | | O P I N I O N |
| | : | 8/31/2020 |
| - vs - | | |
| | : | |
| GEORGE EARL HUGHES, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-01-0177


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Service Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

George E. Hughes, No. A-748746, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, pro se


**M. POWELL, P.J.**

{¶ 1}  Appellant, George Earl Hughes, appeals the decision of the Butler County Court of Common Pleas denying his petition for postconviction relief ("PCR petition").  For the reasons discussed below, we affirm the trial court's decision.

{¶ 2}  In March 2018 the Butler County Grand Jury indicted appellant on five

offenses: aggravated vehicular homicide, a first-degree felony in violation of R.C. 2903.06(A)(1); operating a vehicle under the influence ("OVI"), a fourth-degree felony in violation of R.C. 4511.19(A)(1)(a); OVI by alcohol concentration in urine, a fourth-degree felony in violation of R.C. 4511.19(A)(1)(e); driving under an OVI suspension, a first-degree misdemeanor in violation of R.C. 4510.14(A); and operating a motor vehicle without being in control of it, a minor misdemeanor in violation of R.C. 4511.202.

{¶ 3} At a motion to suppress hearing in September 2018, appellant withdrew his motion to suppress and agreed to enter a negotiated guilty plea. In exchange for appellant's guilty plea to aggravated vehicular homicide and one count of OVI, the state would amend the degree of the aggravated vehicular homicide offense from a first-degree felony to a second-degree felony and dismiss the other three charges. During this hearing, the prosecutor mistakenly referred to the aggravated vehicular homicide charge as "aggravated vehicular manslaughter."[1] Likewise, the written plea agreement form, signed by appellant, also incorrectly designated the offense as "aggravated vehicular manslaughter," although it properly identified the offense by section number in the Revised Code, the degree of felony, and the maximum penalty. Neither appellant, nor his trial counsel, objected to the misnomer of the offense on the written plea agreement form or expressed confusion as to the charge.

{¶ 4} The prosecutor then gave a recitation of the facts for the charges. The recitation tracked the language in the bill of particulars and the prosecutor correctly referred to the amended offense as "aggravated vehicular homicide, a second-degree felony and a lesser included offense of the indicted charge of aggravated vehicular homicide, a felony in

---

1. There is currently no offense titled "aggravated vehicular manslaughter" in the Revised Code. R.C. 2903.06 provides three different offense classifications for causing the death of another by operation of a motor vehicle: "aggravated vehicular homicide," "vehicular homicide," and "vehicular manslaughter." R.C. 2903.06(B), (C), and (D).

the first degree." Appellant agreed with the facts presented by the prosecutor. In ascertaining appellant's confirmation and understanding of the plea, the trial court also mistakenly referred to the offense as "aggravated vehicular manslaughter." Again, neither appellant nor his trial counsel expressed confusion as to the nature of the offense or the terms of the plea agreement. In its Crim.R. 11 plea colloquy, the trial court informed appellant about the maximum penalty for the offenses, consequences of the guilty plea, and the rights that he would be waiving by pleading guilty.

{¶ 5} After the hearing, but prior to filing the written plea form, the prosecutor realized that the plea form misidentified the offense and corrected it by crossing out the typed word "manslaughter" and handwriting "homicide." The prosecutor submitted the document to the clerk for filing. Inexplicably, the prosecutor executed this amendment without notifying the court and opposing counsel of the change.

{¶ 6} The matter proceeded to sentencing in November 2018. Prior to the hearing, appellant filed a sentencing memorandum that included letters by friends and family in mitigation but did not otherwise comment on the issue of the offense misnomer. At the sentencing hearing, the trial court did not refer to the offenses by name but only by their count in the indictment. The trial court sentenced appellant to seven years for the aggravated vehicular homicide offense and 18 months for the OVI offense with the sentences to run concurrently. The trial court's written sentencing entry properly referred to the offense at issue as "aggravated vehicular homicide." Appellant did not appeal his conviction or sentence.

{¶ 7} On September 23, 2019, appellant filed, pro se, a petition for postconviction relief ("PCR petition") raising three issues: (1) his plea agreement was breached based upon the misnomer of the offense at the plea hearing and in the written plea form; (2) the

trial court failed to conduct an allied offense analysis prior to sentencing; and (3) ineffective assistance of counsel. In response to the petition, the trial court appointed counsel for appellant. The trial court held a hearing on the PCR petition in January 2020.

{¶ 8} At the PCR petition hearing, appellant argued that the misstatement of the offense and the alteration of the plea form constituted a violation of his due process rights and breached his plea agreement. Nonetheless, appellant insisted that he did not want to withdraw his plea; instead, the only relief sought was a dismissal of the charge and release from prison. Appellant did not offer any evidence on how the misidentification rendered his plea less than knowing, intelligent, and voluntary. Also, appellant offered no evidence to establish that he did not understand the nature of the charge or the penalties to which he pled and was convicted. Furthermore, appellant did not claim that he would not have pled guilty if the offense had been correctly stated. The trial court denied the PCR petition on each issue. Regarding the plea issue, the trial court decided appellant did not support his claim that his constitutional rights had been infringed thereby rendering the judgment void or voidable.

{¶ 9} Appellant now appeals, raising one assignment of error for review.

{¶ 10} Sole Assignment of Error:

{¶ 11} THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FAILING TO VACATE OR SET ASIDE ITS JUDGMENT ENTRY BECAUSE THE PLEA AGREEMENT WAS BREACHED WHEN THE PLEA OF GUILTY AND THE JURY WAIVER AND JUDGMENT ENTRY ARE IMPROPERLY ALTERED AND MODIFIED AFTER THE PLEA GUILTY OF AGGRAVATED VEHICULAR MANSLAUGHER

(OVI) WAS ACCEPTED AND SIGNED BY THE TRIAL COURT JUDGE, WHEN THE TRIAL COURT JUDGE AND DEFENDANT-APPELLANT WERE NOT PUT ON NOTICE.

{¶ 12} In his sole assignment of error, appellant reiterates his argument that there was a breach of his plea agreement and his conviction is void because the written plea agreement identified the offense to which he pled guilty as "aggravated vehicular manslaughter" and the court mistakenly referred to the charge in the same manner.[2] Appellant has not claimed that his plea was made in a less than knowing, intelligent, and voluntary manner or otherwise argued how the trial court's decision was in error.

{¶ 13} A PCR petition is a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). This court reviews the trial court's decision on a PCR petition for an abuse of discretion. *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 16. An abuse of discretion is more than an error of law or judgment; it implies an attitude of the court that was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 14} After review of the record, the trial court did not abuse its discretion denying the petition. While Ohio courts have held that a guilty plea may be deemed involuntary, and therefore constitutionally infirm, where the plea is induced by a promise legally impossible to fulfill, that did not happen in this case. *State v. Aponte*, 145 Ohio App.3d 607, 614 (10th Dist.2001); *see also State v. Bowen*, 52 Ohio St.2d 27 (1977) (guilty plea void because the promised sentence was contrary to law). Contrary to appellant's assertion, he received exactly the benefit of the plea he had negotiated. Appellant was indicted on a first-degree felony offense of aggravated vehicular homicide. The state offered to reduce the

---

2. As noted in the statement of the case, appellant's PCR petition advanced three separate issues. Appellant only appealed the denial of his PCR petition on the issue of the mistaken offense name and the "breach" of the plea agreement.

offense to a second-degree felony and dismiss several offenses in exchange for appellant's guilty plea. In ascertaining appellant's understanding of his guilty plea, the trial court provided a full and proper Crim.R. 11(C) plea colloquy, notwithstanding the mistaken offense name. Appellant was correctly informed of the nature of the charges by the prosecutor's recitation of the facts. In this recitation, the prosecutor identified the elements of the offense and accurately referred to the offense as "aggravated vehicular homicide." The trial court then properly advised appellant of the consequences of the plea and maximum penalties. The trial court explicitly asked appellant whether any promises had been made in exchange for the guilty plea other than a change in the level of felony and a dismissal of three other offenses charged in the indictment. Appellant indicated that no other promises were made. The trial court accepted the guilty pleas, found appellant guilty of the offenses, and sentenced him accordingly. The record establishes that appellant was not induced to plead guilty by an improper promise, therefore his plea was not involuntary. Appellant admitted at the PCR petition hearing that he did not want to withdraw his plea. Therefore, it was not error for the trial court to deny appellant's PCR petition on this issue.

{¶ 15} We further find that this assignment of error should be overruled on the basis of res judicata. "Res judicata bars a petitioner from 're-packaging' evidence or issues that were or could have been raised in trial or direct appeal." *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 15. This court has previously explained that "issues, such as compliance with Crim.R. 11, which were raised or could have been raised before the trial court or on appeal are res judicata in a post-conviction relief proceeding." *State v. McKinney*, 12th Dist. Clinton No. CA98-02-008, 1999 Ohio App. LEXIS 360, at *7 (Feb. 8, 1999). The Ohio Supreme Court has held that a

> Crim. R. 11(C) violation that appears on the face of the record but is never directly appealed is not per se susceptible to

> collateral attack by way of a post-conviction proceeding pursuant to R. C. 2953.21.  Under the doctrine of res judicata the Crim. R. 11(C) question merged with the judgment of conviction and defendant cannot now relitigate the issue.

*State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981).  The issue that appellant now raises involved the trial court's plea colloquy with appellant which was apparent on the record and could have been raised before the trial court or in a direct appeal.  Consequently, appellant's claim is barred by res judicata because he failed to raise the issue before the trial court or in a direct appeal of his conviction.

{¶ 16} Accordingly, appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.


S. POWELL and PIPER, JJ., concur.