ANDREOLI, APPELLANT, *v.* BROWN ET AL., APPELLEES.

[Cite as Andreoli v. Brown (1972), 35 Ohio App. 2d 53.]

(No. 455—Decided June 14, 1972.)

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Duane Morris,* of counsel, for appellant.

*Messrs. Gilbert & Whitfield,* for appellees.

VICTOR, J. This appeal is from an order of the Court of Common Pleas of Medina County sustaining a motion filed by Donald I. Brown and Elizabeth Brown to dismiss the amended complaint filed against them, and dismissing them as parties defendant in this action.

The amended complaint alleges that:

(1) On September 13, 1961, an option agreement was

entered into between the plaintiff, A. J. Andreoli, appellant herein (for convenience referred to as Andreoli), and one Herman Crane, wherein Crane agreed to sell, and Andreoli agreed to purchase, some thirty-acres of land in Sharon Township, Medina County, Ohio, for $12,000; (2) the consideration for the agreement was $10; (3) the agreement contained the following provision:

"This agreement to be at the election of the seller anytime during his lifetime upon 60 day notice. At that time buyer shall complete the transaction and pay over the purchase price agreed upon. If this agreement is not exercised during seller's lifetime the buyer shall have the right to buy at the agreed price immediately thereafter. In the event of death of optioner, this option expires unless the optionee has given written notice of his exercise of the option to the executor or administrator within ninety (90) days after the appointment of such executor or administrator";

(4) during 1965 and 1966, Crane transferred the property to the defendants, Donald I. Brown and Elizabeth C. Brown, appellees herein; (5) "said defendants paid no consideration or an inadequate consideration for such conveyances to them;" and (6) had knowledge, at the time the deeds were given, of the agreement between Andreoli and Crane; (7) therefore, the Browns were not bona fide purchasers for value; (8) Crane died testate in 1968 and, on October 3, 1969, the defendants, Henry E. Laribee and Donald I. Brown, were appointed executors of the estate of Herman L. Crane, and are still acting as such executors; (9) on October 27, 1969, Andreoli notified the executors of his election to exercise the option, and offered to deposit the purchase price of $12,000; (10) the executors refused to convey the real property; (11) Andreoli demanded specific performance, and judgment in the amount of $50,000.

The executors did not file an answer. The Browns moved for dismissal of the action against them and, as previously indicated, the motion was sustained. It is this action in which it is claimed the trial court erred.

Restatement, Contracts, Section 1 (1925) provides:

"A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some indirect way recognizes a duty."

Restatement, Contracts, Section 2 (1925) defines a promise as: "an undertaking, however expressed, that something shall happen, or an undertaking that something shall not happen, in the future."

In commenting upon the definition of a "promise," the authors of the Restatement, in the Comment assert that: the authors of the Restatement, in paragraph (b) of the Comment assert that:

"An apparent promise which according to its terms makes performance optional with the promisor * * * is in fact no promise, although is often called an illusory promise."

As an example of the above, the writers of the Restatement give the following illustration, at page 5:

"5. A says to B that he will employ him for a fixed term at such salary as A sees fit to pay. This is not a promise to pay any salary."

In the case before us, Crane promised to sell the real estate in question to Andreoli for $12,000, only if he saw fit to do so, or at his "election." This is not a promise to ever sell it to Andreoli. Andreoli would only have the right to purchase if Crane desired to sell the property to him, or if Crane died still owning the property, and Andreoli gave proper notice. Nothing precluded Crane from divesting himself of the property by deed of gift, sale, or otherwise, to some person other than Andreoli. Crane's promise, under the circumstances, was not an enforceable promise, but entirely illusory in character.

The judgment of the trial court that the complaint failed to state a cause of action against the appellee, Donald I. Brown and Elizabeth Brown, for which relief can be granted, is proper. We, therefore, affirm that order.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.