OPINION
{¶ 1} Plaintiff-appellant, Brenda Smith, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, GuideOne Insurance. Because we find no reversible error, we affirm.
 {¶ 2} According to plaintiff, on October 8, 1999, while traveling in West Virginia, Bruce Smith, plaintiff's husband, lost control of a motorcycle that he was operating. Plaintiff, who was a passenger on the motorcycle at the time, was injured as a result of the accident. Plaintiff's husband apparently was the owner of the motorcycle that was involved in the mishap.
 {¶ 3} On October 3, 2001, plaintiff sued GuideOne Insurance ("GuideOne"), Encompass Insurance, more properly, The Buckeye Union Insurance Company ("Buckeye Union"), and Bruce Smith. In her complaint, plaintiff alleged her husband was negligent and plaintiff's injuries were the direct and proximate result of her husband's alleged negligence. Plaintiff also alleged she was entitled to uninsured/underinsured motorist coverage under insurance policies issued to Bruce Smith by GuideOne and Buckeye Union.
 {¶ 4} On January 7, 2002, Buckeye Union moved for summary judgment, claiming plaintiff was not entitled to uninsured/underinsured motorist coverage under the terms of a policy issued to Bruce Smith. By order filed on February 14, 2002, the trial court dismissed with prejudice plaintiff's claims against Buckeye Union. However, on April 3, 2002, by agreement of the parties and approval of the trial court, the trial court vacated its February 14, 2002 order.
 {¶ 5} On June 11, 2002, finding terms of Buckeye Union's policy, as well as R.C. 3937.18(K)(2) as amended by Am.Sub.H.B. No. 261, precluded recovery, the trial court granted Buckeye Union's January 7, 2002 summary judgment motion.
 {¶ 6} Subsequently, on June 13, 2002, adopting and incorporating by reference the arguments Buckeye Union raised in its motion for summary judgment, GuideOne moved for summary judgment. On July 23, 2002, finding terms of GuideOne's policy precluded recovery, the trial court granted GuideOne's summary judgment motion.
 {¶ 7} On September 19, 2002, pursuant to Civ.R. 41(A), plaintiff dismissed without prejudice her cause of action against Bruce Smith.
 {¶ 8} Following plaintiff's dismissal of Bruce Smith, on October 9, 2002, plaintiff appealed the entries granting summary judgment in favor of Buckeye Union and GuideOne. Later, pursuant to App.R. 28, plaintiff and Buckeye Union moved to dismiss the appeal as applied to Buckeye Union. On December 9, 2002, this court granted the parties' motion to dismiss. Accordingly, in this action, we only consider plaintiff's appeal as applied to GuideOne.
 {¶ 9} In this appeal, plaintiff assigns a single error:
ASSIGNMENT OF ERROR NO. 1:
The Trial Court Erred In Granting Summary Judgment In Favor Of Defendant-appellee Guideone Insurance Finding Plaintiff-appellant's Automobile Insurance Policy Does Not Provide Uninsured Motorist Coverage To Appellant.
 {¶ 10} Appellate review of a lower court's granting of summary judgment is conducted under a de novo standard. Mitnaul v. Fairmount Presbyterian Church, 149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. "`De novo review means that [an appellate court] uses the same standard that the trial court should have used, and [an appellate court] examine[s] the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id. at ¶ 27, quoting Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962, 101 S.Ct. 3111.
 {¶ 11} Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 12} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher at 293; Vahila v. Hall (1997), 77 Ohio St.3d 421, 430; Civ.R. 56(E).
 {¶ 13} Preliminarily, in her complaint, plaintiff sought only monetary relief, not declaratory relief, against GuideOne. However, to the extent plaintiff's complaint seeks a determination of her rights under the GuideOne insurance contract, we construe plaintiff's complaint as also seeking declaratory relief. See, generally, R.C. 2721.03
(declaratory judgment as to construction and validity of instrument); R.C. 2721.04 (declaratory judgment as to contract).
 {¶ 14} Additionally, as the movant for summary judgment, under Civ.R. 56, GuideOne was required to identify portions in the record that demonstrated an absence of a genuine issue of material fact. Doan v. S. Ohio Adm. Dist. Council, Internatl. Union of Bricklayers Allied Craftworkers (2001), 145 Ohio App.3d 482, 487, citing Dresher, supra, at 292. In this case, after careful review, we find GuideOne did not file a certified copy of the GuideOne insurance policy at issue nor any evidentiary material specifically authorized by Civ.R. 56(C)[1] in support of its summary judgment motion. The record does, however, contain an unauthenticated copy of the GuideOne insurance policy with accompanying affidavit, which was attached to plaintiff's June 27, 2002 memorandum contrary to GuideOne's motion for summary judgment.[2]
 {¶ 15} Although GuideOne failed to properly support its summary judgment motion with evidentiary material specifically authorized by Civ.R. 56(C), absent objection, we find the trial court had discretion to consider the unauthenticated copy of the GuideOne policy when it rendered summary judgment and, therefore, there is no reversible error. See Churchwell v. Red Roof Inns, Inc. (Mar. 24, 1998), Franklin App. No. 97APE08-1125, fn. 1.[3]
 {¶ 16} Plaintiff's assignment of error asserts the trial court erred by finding the GuideOne policy did not provide uninsured motorist coverage to plaintiff. Specifically, plaintiff contends the policy's provisions concerning liability and uninsured motorist coverage conflict with a policy provision that asserts the policy will conform to financial responsibility laws, thereby creating an ambiguity and an illusory contract. Furthermore, plaintiff contends she is entitled to uninsured motorist coverage because to find to the contrary would be against public policy.
 {¶ 17} According to plaintiff, the policyholder's spouse, plaintiff first asserted a liability claim that GuideOne denied based on language contained in the policy. See GuideOne Policy, Amendment of Policy Provisions — Ohio, Part I (liability coverage does not apply "for any person for bodily injury to you or any relative").
 {¶ 18} Subsequently, according to plaintiff, plaintiff asserted an uninsured motorist coverage claim, which GuideOne also denied because plaintiff was injured while riding as a passenger on a motorcycle that was owned by her husband. See GuideOne Policy, Uninsured Motorists Coverage — Ohio, Insuring Agreement ("`uninsured motor vehicle' does not include any vehicle or equipment: 1. Owned by or furnished or available for the regular use of you or any `family member'").
 {¶ 19} However, plaintiff asserts these exclusionary provisions conflict with the following policy provision:
 CONFORMITY WITH FINANCIAL RESPONSIBILITY LAWS
When we certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the coverage required by the law.
Policy at 2.
 {¶ 20} Pursuant to R.C. 4509.01(K):
"Proof of financial responsibility" means proof of ability to respond in damages for liability, on account of accidents, occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle in the amount of twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, in the amount of twenty-five thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of seven thousand five hundred dollars because of injury to property of others in any one accident.
See, also, R.C. 4509.51(B) (requirements for owner's liability insurance).
 {¶ 21} Here, at the time of plaintiff's accident, the GuideOne policy expressly provided $12,500 liability coverage because of bodily injury to or death of one person in any one accident, $25,000 liability coverage because of bodily injury to or death of two or more persons in any one accident, and $10,000 liability coverage because of injury to property of others in any one accident. Therefore, based on the policy's express terms, the GuideOne policy complied with the requirements of R.C. 4509.01(K) and 4509.51(B). Moreover, even though the GuideOne policy excluded plaintiff under the terms of its liability coverage, thereby creating layers of liability coverage, this layering does not necessarily render the policy noncompliant with R.C. 4509.01(K) and 4509.51(B). See, e.g., Nussbaum v. Progressive Cas. Ins. Co. (1988), 61 Ohio App.3d 1, 6
("[i]t is well settled that Ohio recognizes exclusionary clauses in automobile insurance contracts. * * * R.C. 3937.18 does not prohibit family member exclusions in an automobile insurance contract").
 {¶ 22} Furthermore, the GuideOne policy's provision that provides that an "`uninsured motor vehicle' does not include any vehicle or equipment: 1. Owned by or furnished or available for the regular use of you or any `family member'" evidently was permissible under Ohio law at the time of the policy's renewal.[4]
 {¶ 23} Pursuant to former R.C. 3937.18, as amended by Am.Sub.H.B. No. 261:
(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of the named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured or underinsured motorist coverages are provided;
* * *
(3) When the bodily injury or death is caused by a motor vehicle operated by any person who is specifically excluded from coverage for bodily injury liability in the policy under which the uninsured and underinsured motorist coverages are provided.
(K) As used in this section, "uninsured motor vehicle" and "underinsured motor vehicle" do not include any of the following motor vehicles:
* * *
(2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured[.]
 {¶ 24} Therefore, pursuant to former R.C. 3937.18, as amended by Am.Sub.H.B. No. 261, the provision in the GuideOne policy excluding from uninsured motorist coverage a vehicle "owned by or furnished available for the regular use of you or any `family member'" complied with the requirements of former R.C. 3937.18(K)(2), a presumptively valid statute at the time the policy was in effect. See State v. Samatar,152 Ohio App.3d 311, 2003-Ohio-1639, at ¶ 62, appeal not allowed,99 Ohio St.3d 1468, 2003-Ohio-3669 (noting "the well-recognized jurisprudential principle that all legislative enactments enjoy a presumption of validity and constitutionality. * * * A statute can be declared invalid when its unconstitutionality is shown beyond a reasonable doubt"). See, also, Kyle v. Buckeye Union Ins. Co., Lucas App. No. L-02-1166, 2003-Ohio-488, at ¶ 13, appeal allowed,99 Ohio St.3d 1451, 2003-Ohio-3396 (finding no inherent conflict between former R.C. 3937.18[J][1] and [K][2], as amended by Am.Sub.H.B. No. 261).
 {¶ 25} But, see, Morris v. United Ohio Ins. Co., Ross App. No. 02CA2653, 2003-Ohio-1708, at ¶ 19, motion to certify allowed,99 Ohio St.3d 1509, 2003-Ohio-3957, and appeal allowed in part,99 Ohio St.3d 1512, 2003-Ohio-3957 (calling into doubt former R.C.3937.18[K][2], as amended by Am.Sub.H.B. No. 261, and finding former R.C. 3937.18[J][1] and [K][2] "are so ambiguous as to be unenforceable when read together" so that only former R.C. 3937.18[J][1] can be given effect and only the corresponding provision in an insurance policy was enforceable); Ratkosky v. Scottsdale Surplus Lines Ins. Co., Cuyahoga App. No. 81519, 2003-Ohio-2868, at ¶ 18 (finding former R.C.3937.18[J][1] and [K][2], as amended by Am.Sub.H.B. No. 261, are ambiguous).[5]
 {¶ 26} Nevertheless, plaintiff contends the policy's provisions concerning liability and uninsured motorist coverage create an ambiguity.
 {¶ 27} "`Contractual language is "ambiguous" only where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more reasonable interpretations.'" Covington v. Lucia, 151 Ohio App.3d 409,2003-Ohio-346, at ¶ 18, appeal not allowed, 99 Ohio St.3d 1435,2003-Ohio-2902, citing Potti v. Duramed Pharmaceuticals, Inc. (C.A. 6, 1991), 938 F.2d 641, 647. "Courts may not stretch or constrain unambiguous policy provisions to reach a result clearly not sought by the parties. Where the policy is clear and unambiguous within its four corners, courts cannot alter the provisions of the policy." Progressive Specialty Ins. Co. v. Easton (1990), 66 Ohio App.3d 177, 180. However, "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus.
 {¶ 28} Here, based on the four corners of the GuideOne policy, we do not find the policy's provisions are susceptible of two or more reasonable interpretations. According to the policy's express exclusionary language, liability coverage did not apply to plaintiff because plaintiff was a relative of the insured. See GuideOne Policy, Amendment of Policy Provisions — Ohio, Part I (liability coverage does not apply "for any person for bodily injury to you or any relative"). Additionally, according to terms of the uninsured motorist coverage, plaintiff was excluded from coverage because an uninsured motor vehicle did not include a motor vehicle owned by the insured for the insured's regular use. See GuideOne Policy, Uninsured Motorists Coverage — Ohio, Insuring Agreement ("`uninsured motor vehicle' does not include any vehicle or equipment: 1. Owned by or furnished or available for the regular use of you or any `family member'").
 {¶ 29} Furthermore, we find Robson v. Allstate Ins. Co. (Sept. 18, 2001), Delaware App. No. 01CAE03007, appeal allowed (2002),94 Ohio St.3d 1451, cause dismissed (2002), 97 Ohio St.3d 1405,2002-Ohio-5557, whose facts and issues are similar to this case, instructive and supportive of our view that the GuideOne policy was not ambiguous.
 {¶ 30} In Robson, Richard Robson, a passenger in a motor vehicle that was operated by his wife, sustained permanent injuries when the vehicle smashed into a utility pole and burst into flames. At the time, Robson and his wife were insured by a policy issued by Allstate Insurance Company ("Allstate"). Robson sought to recover under the liability provision of the policy but was denied coverage based on an intrafamily exclusion. Robson then sought coverage under the uninsured portion of the motorist policy, but Allstate denied coverage because the vehicle involved in the accident was an insured vehicle under the policy.
 {¶ 31} Robson then sued Allstate and his wife, alleging negligence and seeking declaratory relief. During the litigation, Robson voluntarily dismissed his wife from the lawsuit. By judgment entry, the trial court denied Robson's motion for partial summary judgment and granted Allstate's summary judgment motion. On appeal, Robson asserted: (1) the trial court erred by allowing the intrafamily and insured auto exclusions to deny uninsured motorist coverage under the policy; (2) the denial of uninsured motorist coverage was against public policy; and (3) Allstate's policy exclusions, which denied uninsured motorist coverage, violated the equal protection, special legislation, open courts, and right-to-a-remedy provisions under the federal and state constitutions.
 {¶ 32} In Robson, the court did not consider whether R.C. 3937.18, as amended by Am.Sub.H.B. No. 261, was unconstitutional because appellant failed to raise this issue in the trial court. Nevertheless, considering policy language that is comparable to the policy language at issue here and Robson's argument that "the policy's language directly contradicts itself by defining an uninsured auto as one where coverage is denied but is not one under the definition of what an uninsured auto is not[,]" the Robson court noted:
* * * Although the semantics of this argument may well be best left to an English professor, we cannot find the provisions are ambiguous or contradictory. The policy creates layers of uninsured auto coverage: one not covered by any insured and one covered by [Allstate Insurance Company] specifically. The first coverage * * * refers to autos where coverage is denied and the second coverage is when the auto involved is covered under the policy. As a result of these two layers, the provisions of R.C. 3937.18(J)(3) have been met. Further, the language under "An Uninsured Auto Is Not" mirrors the exclusions allowable under R.C. 3937.18(K)(2). * * *
The Robson court further determined former R.C. 3937.18 appeared to have addressed the concerns raised in State Farm Auto. Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, 400.[6]
 {¶ 33} Additionally, the Robson court observed:
Contractually, appellant and appellee agreed to the policy's family tort immunity language. It would only follow logically that the agreed immunity of the underlying policy would apply to the uninsured motorist portion of the policy. Without uniformity in its application, why include the immunity language? If the policy excluded coverage, why would the policy give it back via the uninsured motorist portion of the policy? * * *
 {¶ 34} Consequently, plaintiff's contentions the GuideOne policy failed to comply with R.C. 4509.01(K) and was ambiguous are not well-taken.
 {¶ 35} Plaintiff further asserts the policy's exclusionary provisions, when considered together, create an illusory insurance contract.
 {¶ 36} "[A] contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." Century 21 Am. Landmark, Inc. v. McIntyre (1980), 68 Ohio App.2d 126, 129-130, citing 1 Williston on Contracts (3 Ed. 1957) 140, Section 43. See, also, Inskeep v. Lewis (May 10, 1991), Trumbull App. No. 89-T-4246, quoting Andreoli v. Brown (1972),35 Ohio App.2d 53, 55, quoting Restatement of the Law, Contracts (1925), Section 2, comment b ("`"An apparent promise which according to the terms makes performance optional with the promisor * * * is in fact no promise, although is often called an illusory promise."'"). See, also, Restatement of the Law 2d, Contracts (1981), Section 2, comment e.
 {¶ 37} Here, although plaintiff, an apparent insured,[7] was not covered under the liability and uninsured motorist provisions of the policy based on the policy's terms, some benefit to plaintiff is nonetheless evident from the face of the insurance policy. In this case, although subject to exclusions,[8] GuideOne generally agreed to "pay damages for which any insured person is legally liable because of bodily injury and property damage arising out of the ownership, maintenance or use of your insured motorcyle." Coverage A — Liability Coverage at 2. Thus, if plaintiff, while using the insured motorcycle, became legally liable because of bodily injury or property damage, plaintiff generally was covered under the policy, subject to the policy exclusions.
 {¶ 38} Similarly, according to the insuring agreement of the policy's uninsured motorist coverage endorsement, subject to endorsement definitions and exclusions, some benefit is evident to plaintiff because GuideOne generally agreed to pay compensatory damages to which an insured was legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured and caused by an accident.[9]
 {¶ 39} Consequently, even though under the circumstances of this case plaintiff was precluded from recovering under the liability and uninsured motorist provisions of the policy, because the liability and uninsured motorist coverages provide plaintiff with some benefit, we do not find the policy to be illusory. See, e.g., State Auto Ins. Co. v. Golden (1998), 125 Ohio App.3d 674, 678, appeal not allowed,82 Ohio St.3d 1477, citing Royal Paper Stock Co., Inc. v. Meridian Ins. Co. (1994), 94 Ohio App.3d 327, 334 (Tyack, J., concurring), dismissed,70 Ohio St.3d 1440; Estate of Michael Izold v. Suburban Power Piping Corp. (Mar. 20, 1997), Cuyahoga App. No. 70873, appeal not allowed,79 Ohio St.3d 1460 ("[w]hen some benefit to the insured is evident from the face of the endorsement, the endorsement is not an illusory contract").
 {¶ 40} Finally, plaintiff's contention she is entitled to uninsured motorist coverage under the GuideOne policy because to find otherwise is against public policy is not persuasive. Here, as discussed above, the GuideOne policy complied with former R.C. 3937.18, as amended by Am.Sub.H.B. No. 261. We presume former R.C. 3937.18, as amended by Am.Sub.H.B. No. 261, represented the General Assembly's public policy determinations. Consequently, "[w]here the General Assembly has spoken, and in so speaking violated no constitutional provision, the courts of this state must not contravene the legislature's expression of public policy." Van Sweden v. Goodyear Tire Rubber Co., Summit App. No. 20710, 2002-Ohio-2654, at ¶ 13, appeal not allowed, 96 Ohio St.3d 1523,2002-Ohio-5099.
 {¶ 41} Accordingly, for the foregoing reasons, plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.
[1] Civ.R. 56(C) provides, in pertinent part:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
See, also, Buzzard v. Pub. Emp. Retirement Sys. of Ohio (2000),139 Ohio App.3d 632, 636, citing Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89, and Biskupich v Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220 ("[a]lthough it may at first appear that Civ.R. 56[C] sets forth an exclusive list of material that may be considered, in the event that a document is not one of the listed types, it may be introduced as proper evidentiary material if incorporated by reference in a properly framed affidavit").
[2] Furthermore, the parties do not appear to dispute the actual policy language, only the effect of the policy provisions. But, see, Colonial Ins. Co. of California v. Garabis (June 20, 1991), Franklin App. No. 90AP-1198 (finding a trial court did not err by not considering a stipulation by the parties because the stipulation was not written as required by Civ.R. 56[C]).
[3] In Churchwell at fn. 1, this court found:
If there is no objection to evidentiary matter not specifically authorized by Civ.R. 56(C), the court in its discretion may consider the material. Martin v. Central Ohio Transit Auth. (1990), 70 Ohio App.3d 83,89. Failure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C). Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 83. But see Spier v. American Univ. of the Caribbean (1981), 3 Ohio App.3d 28
(suggesting that a reviewing court, as well as a trial court, is obligated to exert its own initiative in this area by confining its own review to only those documents found to be cognizable under the Civ.R. 56[C] mandate). See, also, H. Fink, C. Wilson, A. Greenbaum, 2 Ohio Rules of Civil Procedure With Commentary (1992), Sec. 56-9 at 788-789, and cases cited therein.
[4] GuideOne first issued a policy to Bruce Smith for coverage of a 1985 Honda motorcycle for the period of July 18, 1990 to July 18, 1991. Based on the record, GuideOne next issued a policy to Bruce Smith for coverage of a 1991 Honda motorcycle for the period of November 9, 1991 to November 9, 1992, with subsequent annual renewal periods. Here, plaintiff's accident occurred on October 8, 1999, during the policy period that was in effect from November 10, 1998 to November 10, 1999.
Pursuant to Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281,288, "scope of coverage of an automobile liability insurance policy is defined by the statutory law in effect at the time of contracting." Additionally, "[t]he scope of the uninsured and underinsured motorist coverage under the policy is defined by the statutory law in effect at the time the parties initially contracted or at the time the policy was renewed." Barry v. Cincinnati Ins. Cos., Franklin App. No. 01AP-1437, 2992-Ohio-4898, at ¶ 22, citing Ross, supra. However, in Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250, the Ohio Supreme Court held:
* * * [P]ursuant to R.C. 3937.31(A), every automobile liability insurance policy issued in this state must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C.3937.30 to 3937.39. We further hold that the commencement of each policy period mandated by R.C.3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy. Pursuant to our decision in Ross [supra], the statutory law in effect on the date of issue of each new policy is the law to be applied.
Here, Am.Sub.H.B. No. 261, which amended R.C. 3937.18, became effective September 3, 1997. Thus, applying Wolfe, former R.C. 3937.18, as amended by Am.Sub.H.B. No. 261, would have been applicable to the GuideOne policy, absent the parties' agreement, beginning with the November 10, 1997 renewal period. See, e.g., Flowers v. Ohio Mut. Ins. Group, Seneca App. No. 13-02-28, 2003-Ohio-441, appeal not allowed, 99 Ohio St.3d 1436,2003-Ohio-2902 (finding, absent the parties' agreement, automobile policy could not be altered for two years and uninsured motorist statute that was in effect at the time the parties entered into the policy agreement was applicable, even though the automobile insurance policy was subject to renewal every six months).
[5] In this appeal, plaintiff does not assert former R.C. 3937.18, as amended by Am.Sub.H.B. No. 261, was unconstitutional or invalid. Therefore, we do not consider here the constitutionality or validity of former R.C. 3937.18, which, for purposes of this appeal, we presume was valid and constitutional.
[6] See, also, Morris, supra, at ¶ 14 ("the legislature added subsections [J] and [K] to the statute in H.B. 261. Therefore, although the legislature did not expressly indicate an intention to supersede Alexander, it is clear that its amendments imply that intention").
[7] According to the policy, under "AGREEMENT AND DEFINITIONS" section, no. 2, "'You' and `your' mean the `named insured' shown in the Declarations, and the spouse if living in the same household." Additionally, under the uninsured motorist coverage endorsement, section B, the term "insured," as used in the endorsement, "means 1. You or any family member."
[8] According to exclusions under the liability portion of the policy, liability coverage did not apply to:
1. Bodily injury to any person occupying your insured motorcycle.
2. Bodily injury or property damage arising out of liability assumed by an insured person under any contract or agreement.
3. Bodily injury to an employee of an insured person arising in the course of employment. But, coverage does apply to a domestic employee unless benefits are payable or are required to be provided for the domestic employee under a workers' compensation law or similar law.
4. Damage to property owned or being transported by an insured person.
5. Damage to property rented to, or in the charge of an insured person.
6. Bodily injury or property damage arising out of a motor vehicle sales or service business. But, coverage does apply to the ownership maintenance or use of your insured motorcycle in that business by you or a relative.
7. Bodily injury or property damage caused intentionally by or at the direction of an insured person.
8. Bodily injury or property damage for which an insured person is insured under nuclear energy liability insurance. This exclusion applies even if the limits of that insurance are exhausted.
9. Bodily injury or property damage resulting from the abandonment of your insured motorcycle by an insured person.
10. Bodily injury or property damage arising out of the ownership maintenance or use of your insured motorcycle when used to carry persons or property for a charge.
11.Bodily injury or property damage arising out of the use of your insured motorcycle in, or in preparation for, any race, speed contest, hill climbing exhibition or any other contest or demonstration.
Coverage A — Liability Coverage, Exclusions at 2.
[9] According to Section A of the "Insuring Agreement" of the policy's uninsured motorist coverage endorsement:
A.We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of:
1. An "uninsured motor vehicle" as defined in Sections 1., 2., and 4. of the definition of an "uninsured motor vehicle" because of "bodily injury":
a. Sustained by an "insured"; and
b. Caused by an accident.
2. An "uninsured motor vehicle" as defined in Section 3. of the definition of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured".
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to Section 2 of the definition of "Uninsured motor vehicle," we will pay under this coverage only if 1. or 2. below applies:
1. The limits of liability under any bodily injury liability bonds or policies applicable to the "uninsured motor vehicle" have been exhausted by payment of judgments or settlement; or
2. A tentative settlement has been made between an insured and the insurer of a vehicle described in Section 2. of the definition of uninsured motor vehicle and we:
a. Have been given prompt written notice of such settlement; and
b. Advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification.
Any judgment for damages arising out of a suit brought without our written consent is not binding on us.