Cynthia **TAMAYO**, on behalf of herself and all others similarly situated; Juan Algarate, on behalf of himself and all others similarly situated, Plaintiffs—Appellees,

v.

**BRAINSTORM USA**, a Georgia limited liability company, Defendant—Appellant,

and

**The Provident Bank**, an Ohio corporation, Defendant.

Cynthia Tamayo, on behalf of herself and all others similarly situated; Juan Algarate, on behalf of himself and all others similarly situated, Plaintiffs—Appellees,

v.

Brainstorm USA, a Georgia limited liability company, Defendant,

and

The Provident Bank, an Ohio corporation, Defendant—Appellant.

Nos. 02–15721, 02–15724.
D.C. No. CV–01–20386–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2003.*

Decided March 10, 2004.

Michael J. Quirk, Trial Lawyers for Public Justice, Washington, DC, Bryan Kemnitzer, Esq., Christopher F. Jennings, Esq., Kemnitzer Anderson Barron & Oglivie LLP, San Francisco, CA, Eric W. Wright, Esq., Los Gatos, CA, Eva Reczkowski Coleman, Esq., Mary B. Cunniff, Esq., Scott Maurer, Esq., East San Jose Community Law Center, San Jose, CA, for Plaintiffs–Appellees.

William Bates, III, Esq., Thomas E. Kuhnle, Esq., McCutchen, Doyle, Brown & Enersen LLP, Patrick T. Weston, Esq., Bingham McCutchen LLP, East Palo Alto, CA, for Defendant–Appellant.

Diane Gibson, Esq., Joseph A. Meckes, Esq., Squire Sanders & Dempsey, LLP, San Francisco, CA, for Defendant.

Before REINHARDT and GRABER, Circuit Judges, and SHADUR, Senior District Judge.**

MEMORANDUM ***

We *sua sponte* consolidated these separate appeals on July 3, 2003, and we hereby sever them for purposes of this decision.

First, in case No. 02–15721, Brainstorm USA's appeal from the district court's de-

---

* The memorandum disposition in this case was sent to the clerk's office for filing on August 26, 2003. Due to a clerical error, it was not filed until today.

** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cision denying its motion to compel arbitration, we affirm the judgment of the district court. The district court's decision can be affirmed on any ground supported by the record. *Recording Indus., Ass'n of Am. v. Diamond Multimedia Sys. Inc.,* 180 F.3d 1072, 1077 n. 3 (9th Cir.1999). Because the validity of the arbitration agreement is a necessary precondition to Brainstorm's invocation of its terms, we will assume such validity (without deciding the issue) solely for the purpose of deciding the Brainstorm appeal. Further we will assume, *arguendo,* that Ohio law applies to this claim as provided for in the agreement.

In Ohio, "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract." *Grant Thornton v. Windsor House, Inc.,* 57 Ohio St.3d 158, 566 N.E.2d 1220, 1223 (1991). If a "promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an incidental beneficiary, who has no enforceable rights under the contract." *Hill v. Sonitrol of S.W. Ohio, Inc.,* 36 Ohio St.3d 36, 521 N.E.2d 780, 784–85 (1998)(internal quotation marks omitted). By its terms, the arbitration agreement only bound Plaintiffs and Provident Bank. The agreement made no mention of Brainstorm USA, and no extrinsic evidence has been presented which would show an intent to benefit it as a third-party beneficiary. Had Plaintiffs and Provident Bank intended the arbitration agreement to do so, such intent easily could have been expressed in the agreement. Further, at oral argument Brainstorm USA conceded that under the existing agreement Plaintiffs could not enforce the contract against Brainstorm USA, even if they chose to do so. Where the terms of a contract do not bind one of the parties to the agreement, the contract is illusory and unenforceable. *Andreoli v. Brown,* 35 Ohio App.2d 53, 299 N.E.2d 905, 906 (1972). Arbitration may not be ordered unless each party has agreed to arbitrate with the other. There is no such mutual agreement to arbitrate between Brainstorm USA and Plaintiffs. For these reasons, we find that Brainstorm USA was neither a party to the arbitration agreement nor a third-party beneficiary, and thus it could not compel Plaintiffs to arbitrate their claims.

Second, as to case No. 02–15724, Provident Bank's appeal from the district court's decision denying its motion to compel arbitration, we vacate submission in order to await the decision of the California Supreme Court in *Discover Bank v. Superior Court.* *See* 129 Cal.Rptr.2d 393 (reviewing 105 Cal.App.4th 326, 129 Cal. Rptr.2d 393 (2002)). Within 14 days of that decision, Provident Bank shall furnish this court with copies of the decision and a supplemental brief of no more than seven pages discussing how the decision affects the case at issue. Plaintiffs shall also submit a supplemental brief subject to the same time and length limits. This panel will retain jurisdiction over this matter.

Accordingly the judgment in appeal No. 02–15721 is AFFIRMED and the case is REMANDED to the district court for further proceedings consistent with this decision. Submission of appeal No. 02–15724 is VACATED and the panel will retain jurisdiction over all further proceedings.