**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0180n.06**
**Filed: April 4, 2008**

**No. 07-3785**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| **SOURCE ASSOCIATES, INC.,** | ) | |
| *Plaintiff-Appellant,* | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) | |
| **VALERO ENERGY CORPORATION,** | ) | **O P I N I O N** |
| *Defendant-Appellee.* | ) | |

**BEFORE:** COLE, GIBBONS, and ROGERS, Circuit Judges.

**R. GUY COLE, JR.** Source Associates, Inc. ("Source") brought suit against Valero Energy Corporation ("Valero Energy") for breach of an alleged contract in which Valero Energy granted Source an exclusive right to market and sell Valero Energy's products to Crystal Incorporated-PMC ("Crystal"). On appeal, Source argues that the district court erred when it granted Valero Energy's Motion for Judgment on the Pleadings, finding (1) that the purported contract was based on past consideration, which is not legally sufficient to support a contract; and (2) that any promise made by Source that did not constitute past consideration was nevertheless illusory. Because we conclude that the contract evidences legally sufficient consideration, we **REVERSE**.

## I. BACKGROUND

This case arose out of a supposed contract, which is in the form of a letter agreement, dated August 1, 2002.  The letter was written by Source's attorney Michael Connick and addressed to George Meier at Valero Energy, in order "to confirm the agreement between Valero Energy and Source in which Valero Energy grants Source an exclusive right to market and sell Valero Energy products to [Crystal]." (Joint Appendix ("JA") 16.)  The letter provides that such "exclusive right" is granted to Source "in consideration of the extensive effort undertaken in the formulation and development" of the market with Crystal, a market in which Valero Energy had not previously "developed, solicited or sold its products." (*Id.*)  Further, the letter states that "[b]y granting Source these exclusive marketing rights, Valero Energy agrees that Source alone will be permitted to market Valero Energy's products to [Crystal]." (*Id.*)  The letter was counter-signed by Cary Palulis, then Valero Energy's Director of Lubes and Base Oils.  Thereafter, Source exclusively sold Valero Energy's products to Crystal on a regular basis for approximately two and one half years.

Subsequently, Terrence Hoffman replaced Palulis as Director of Lubes and Base Oil at Valero Energy and allegedly violated the letter agreement by selling Valero Energy's products directly to Crystal.  On September 13, 2005, Source brought suit against Valero Energy in the Summit County, Ohio Common Pleas Court. In its three-count complaint, Source argues that (1) Valero Energy breached the contract; (2) the letter agreement between Source and Valero Energy is specifically enforceable; and (3) Valero Energy breached the implied covenant of good faith and fair dealing imposed by law when it willfully solicited Crystal's business and sold products to Crystal.

On October 27, 2005, Valero Energy removed the case to the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Valero Energy then filed a Motion for Judgment on the Pleadings. The district court granted the motion, concluding that the letter agreement was not supported by legally sufficient consideration because the stated "consideration" was either past consideration or an illusory promise, neither of which can support an enforceable contract.

## II. ANALYSIS

We review de novo a district court's grant of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) using the same standard as that applied to a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merrill Lynch, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). But we "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

Federal courts sitting in diversity cases must apply the substantive law of the appropriate state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, the parties agree that Ohio law applies. "To prove the existence of a contract under Ohio law, a party 'must show the elements of mutual assent (generally, offer and acceptance) and consideration.'" *CSX Transp., Inc. v. Occidental Chemical Corp.*, 65 F. App'x 963, 966 (6th Cir. 2003) (quoting *Nilavar v. Osborn*, 711 N.E.2d 726, 732 (Ohio Ct. App. 1998)). Indeed, "[w]ithout consideration, there can be no contract." *Id.* at 968

(quoting *Carlisle v. T & R Excavating, Inc.*, 704 N.E.2d 39, 43 (Ohio Ct. App. 1997)). "Valuable

consideration may consist of either a detriment to the promisee or a benefit to the promisor, and once

consideration is shown, a court will not inquire into the adequacy of consideration except in cases

of fraud or unfair treatment." *Id.* (quoting *Ford v. Tandy Transp. Inc.*, 620 N.E.2d 996, 1009 (Ohio

Ct. App. 1993)). Significantly, however, consideration "need not be expressed and 'may be inferred

from the terms and obvious import of the contract.'" *Nilavar*, 711 N.E.2d at 735 (*quoting* 17 Ohio

Jur. 3d *Contracts* § 46 (1980)).

### A. Past Consideration

Valero Energy argues, and the district court found, that the letter agreement was based on

past performance. Specifically, the district court concluded that "[t]he plain language of the letter

agreement expressly shows that the consideration for the purported contract was [Source's'] past

performance" of having "identified" and "developed" a market for Valero Energy's products. *Source*

*Assoc., Inc. v. Valero Energy Corp.*, No. 05-2526, 2007 WL 1235997, at \*3 (N.D. Ohio April 26,

2007). The court found that "through the use of the past tense, the letter agreement clearly

establishes that the 'formulation and development of this market' occurred prior to the formation of

the purported contract." *Id*. Because past performance is not valid consideration, the court

concluded that such "detriment" on the part of Source could not support a contract.

To be sure, "past consideration" — a promise that has already been performed — cannot

support a contract. *Carlisle*, 704 N.E.2d at 43. "This is because past consideration cannot be a

bargained-for benefit or detriment, since it has already occurred or accrued." *Id.* A contract,

however, must be read as a whole and the "intent of each part gathered from a consideration of the

whole." *Saunders v. Mortensen*, 801 N.E.2d 452, 455 (Ohio 2004). Further, when reading the contract as a whole, consideration "may be inferred from the terms and obvious import of the contract." *Nilavar*, 711 N.E.2d at 735 (*quoting* 17 Ohio Jur. 3d *Contracts* § 46 (1980)). Viewing the letter agreement in its totality, we conclude that consideration exists.

Admittedly, the letter agreement begins by stating that Source has "identified" and "developed" a market for Valero Energy's products. However, the agreement goes on to say: "The purpose of this letter is to confirm the agreement between Valero Energy and Source in which Valero Energy grants Source an exclusive right *to market and sell* Valero Energy's products to Crystal." (JA 16, emphasis added.) Although the development of the market may have occurred in the past, reading the letter agreement as a whole, as Ohio law instructs, shows that it obligates Source to undertake an additional detriment—that of marketing and setting Valero Energy's products to Crystal in the future, in return for the exclusive right to do so. Given this exchange, which does not involve *past* consideration, this Court must next decide whether it nevertheless is supported by legally sufficient consideration, or whether the agreement merely recites illusory promises.

### B. Illusory Promises

"[A] contract is illusory only when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." *Century 21 Am. Landmark, Inc. v. McIntyre*, 427 N.E.2d 534, 536-37 (Ohio Ct. App. 1980) (citing 1 Williston on Contracts 140, § 43 (3 Ed.1957)). *See also Andreoli v. Brown*, 299 N.E.2d 905, 906 (Ohio Ct. App. 1972) ("An apparent promise which according to the terms makes performance optional with the promisor . . . is in fact no promise"

(quoting Restatement of Contracts §2 cmt. b (1925)). In other words, "[a] party who states, 'I promise to render a future performance, if I want to when the time arrives' has made no promise at all." *Kreller Group, Inc. v. WFS Fin., Inc.*, 798 N.E.2d 1179, 1186 (Ohio Ct. App. 2003) (citing *Asmus v. Pacific Bell*, 999 P.2d 71 (Cal. 2000)).

In the present case, the district court concluded that because the letter agreement "imposes no obligation on Source to make any efforts to actually market or sell Valero [Energy's] products," Source's promise is illusory and "could not operate as consideration for a return promise." *Source Assoc.,* 2007 WL 1235997, at *4. In other words, the court reasoned that Source retained an "unlimited right to determine the nature or extent of its performance" and, therefore, basically promised nothing. *Id.* The court also noted that Valero Energy made no promise to make any products available to Source for sale to Crystal, lending further support to the court's holding that the promises were illusory. *Id.*

The court, however, did not take into account Ohio's principle that "a contractual provision which gives a party the exclusive right to market a product on behalf of another imposes upon that party a duty to employ reasonable efforts to generate sales of the product." *Illinois Controls, Inc. v. Langham*, 639 N.E.2d 771, 779 (Ohio 1994). *See also* Ohio Jur. *Contracts* § 57 ("A party who is given an exclusive agency to sell a product impliedly promises to use reasonable efforts to market the product, because the goal of the enterprise can be achieved only if such efforts are exerted. Such an implied promise is neither illusory nor too indefinite to be enforced.").

In *Illinois Controls*, the Ohio Supreme Court concluded that although the agreement between an inventor-investor and a marketing company that agreed to market the inventor-investor's

equipment did not expressly set forth the marketing obligation, the marketing company had the "obligation to exert reasonable efforts to market" the equipment. 639 N.E.2d at 778. The court relied on the seminal "reasonable efforts" case, *Wood v. Lucy, Lady Duff-Gordon*, 118 N.E. 214 (N.Y. 1917), which held that even if a writing contains no express obligation to promise the sales of a product, where the agreement is "instinct with an obligation," a good-faith promise to use reasonable efforts to promote the product is properly implied. "The promise to perform such an undertaking is neither illusory nor indefinite." *Illinois Controls*, 639 N.E.2d at 778.

Thus, in the instant matter, although the letter agreement did not explicitly impose "an obligation on Source to make any efforts to actually market or sell Valero [Energy's] products," *Source Assoc.,* 2007 WL 1235997, at *4, Ohio case law provides the standard: "best efforts" or "reasonable efforts." Similarly, although the letter agreement does not expressly impose an obligation on Valero Energy to make any products available to Source for sale to Crystal, the "best efforts" standard applies. Therefore, the promise is not illusory: Source promised to use its best efforts to market and sell the products to Crystal, and Valero Energy promised to use its best efforts to make the product available exclusively to Source for sale to Crystal. Further, as in *Wood* and *Illinois Controls*, the fact that the agreement is an exclusive grant is significant: Valero Energy could never achieve success in the Crystal market unless it sold its goods to Source and Source, in turn, used reasonable efforts to sell them to Crystal. "Without an implied promise, the transaction cannot have such business efficacy as both parties must have intended that . . . it should have." *Wood*, 118 N.E. at 214-15. We conclude that the cases relied upon by the district court, *Stinger Indus. v. Hill-Rom Co.*, 23 F. App'x 472 (2001) (per curiam) and *Big Cola Corp. v. World Bottling Co.*, 134 F.2d

718 (6th Cir. 1943), are inapplicable as neither interprets Ohio law.

We conclude that legally sufficient consideration exists in the letter agreement and that Valero Energy is not clearly entitled to judgment with respect to Source's breach of contract claim at this stage in the proceedings. In addition, because the district court dismissed the remaining claims (for specific performance and breach of the implied covenant of good faith and fair dealing) on the basis that they could not exist in the absence of an enforceable contract, we reverse and remand the district court's judgment in its entirety.

### III. CONCLUSION

For these reasons, we **REVERSE and REMAND**.