NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0245n.06

Case No. 21-3821

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 16, 2022
DEBORAH S. HUNT, Clerk

TANESIA DEAN,

    Plaintiff-Appellant,

v.

CHAMBERLAIN UNIVERSITY, LLC,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO AT CLEVELAND

OPINION

Before: STRANCH, DONALD, and THAPAR, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Appellant-Tanesia Dean brought breach of contract and unjust enrichment claims against Appellee-Chamberlain University for failing to provide in-person instruction or reducing tuition in light of COVID-19. The district court granted Chamberlain's motion to dismiss all claims for failure to state a claim upon which relief can be granted. We **AFFIRM** the district court's findings.

**I.**

In September 2018, Tanesia Dean began her nursing studies to obtain a Bachelor of Science at Chamberlain University's Cleveland, Ohio campus. Chamberlain has 22 campuses across the United States and operates as a limited liability company out of Delaware. Chamberlain charges the same rates for its in-person instruction and its online courses.

In March 2020, the COVID-19 pandemic created a global health crisis. In response to the pandemic, Chamberlain closed its campuses and "transitioned all students to online learning." Each academic session, the university decided whether classes would remain remote or resume in-person instruction. If the university decided that classes would be offered remotely, Chamberlain gave students "one-to-two-months' notice." By mid-July 2020, Chamberlain began reopening clinical education.

Dean brought breach of contract and unjust enrichment claims against Chamberlain contending that hands-on and in-person instruction was limited. She argued that Chamberlain made several representations in its "website, printed literature, videos, campus tour and application process," in addition to the parties' Enrollment Agreement, that classes would be taught in person. In response, Chamberlain moved to dismiss for failure to state a claim upon which relief can be granted, claiming that the Enrollment Agreement controlled the parties' contract terms, and that Chamberlain did not promise in-person education in that Enrollment Agreement.

The district court granted Chamberlain's Motion to Dismiss. The district court held that Dean's breach of contract claim failed because: (1) the Enrollment Agreement foreclosed Dean's claims, and (2) Dean did not provide sufficient evidence to establish that Chamberlain promised in-person education under all circumstances. The district court also found that Dean's unjust enrichment claims failed because she did not plead sufficient facts that Chamberlain was unjustly enriched by closing its campus and moving its in-person classes online.

**II.**

A. Standard of Review

Where the district court grants a motion to dismiss, we must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether

the complaint contains enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2006). To survive a motion to dismiss based on failure to state a claim, the plaintiff must show that the complaint included a short and plain statement of a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8a(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The short and plain statement of the claim requirement is necessary because it provides notice to the defendant of the grounds upon which the plaintiff is bringing the claim. *Twombly*, 550 U.S. at 555.

B. Breach of Contract

The issue is whether Dean presented sufficient facts to establish that Chamberlain breached its promise to provide Dean an in-person education, and whether the Enrollment Agreement foreclosed Dean's claim.

To establish a breach of contract under Ohio law, a plaintiff must show: (1) a contract existed; (2) the plaintiff performed under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages from the breach. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (interpreting Ohio law).

Whether a contract existed in this case is not an issue. Both parties agree that there was an explicit contract between the institution and Dean–the Enrollment Agreement. The parties disagree, however, on whether the contract represents the entire agreement considering the institution's failure to define the term "educational services" in the Enrollment Agreement.

Dean claims that several provisions in the Enrollment Agreement are vague and ambiguous. First, the Enrollment Agreement includes a provision that states "[t]his enrollment agreement and any addendum incorporated by reference herein supersede all prior or

contemporaneous representations, proposals, communications and negotiations, both oral and written, and constitute the entire agreement between the parties with respect to **education services**." (emphasis added). Dean argues that the Enrollment Agreement assures that "Chamberlain University publishes accurate information about its programs, policies[,] services, and graduate outcomes… on [its] website, in [its] catalogs and in advertisements and other material published" which expand on what educational services Chamberlain provides. Dean contends that the Enrollment Agreement instructs students to "*only* rely on [that] written information provided by Chamberlain during the application and enrollment process to make an enrollment decision." (emphasis added). Second, Dean claims that the Enrollment Agreement states that "[p]ractical clinical experience is an essential requirement of Chamberlain['s] pre-licensure programs," but fails to define "clinical experience," thus "bel[ying] the notion that the parties agreed that clinical experience could be entirely remote."

But Dean's arguments fail because the Enrollment Agreement did not promise that Chamberlain would provide in-person education and clinical experience only–regardless of unforeseen circumstances. There is nothing in the Enrollment Agreement or other materials that promises in-person teaching under all circumstances. And there is nothing in the Enrollment Agreement or other materials that promises in-person clinical experience under all circumstances. Indeed, the contract states that "Chamberlain reserves the right to revise, add, or delete courses, alter the total number of class hours, suspend, cancel, or postpone a class for reasons" including "natural occurrences or other circumstances." This is especially true considering that the nation was amid a global pandemic where the State of Ohio mandated all universities teach solely online and suspend in-person instructions. So, even if this court considered the Enrollment Agreement outside of the four corners of the document, Dean's breach of contract claim still fails for not

pleading facts sufficient to show that Chamberlain promised in-person teaching and in-person clinical experience under all circumstances.

As one of Dean's alternative arguments, she contends that if the Enrollment Agreement was a fully integrated contract, "the Agreement's modification provisions render any consideration made by Chamberlain illusory, and therefore the contract is unenforceable.

"[A] contract is illusory only when by its terms the promise retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory." *Source Assocs., Inc. v. Valero Energy Corp.*, 273 F. App'x 425, 428 (6th Cir. 2008) (citing *Century 21 Am. Landmark, Inc. v. McIntyre*, 427 N.E.2d 534, 536-37 (1980)). In other words, if the party promises to perform in the future, and when the time comes to perform, the party has not made a promise at all, the promise is illusory. *Id.*

Dean argues that because the Enrollment Agreement includes a provision reserving Chamberlain's right to "revise, add, or delete courses, alter the total number of class hours, suspend, cancel, or postpone a class for reasons including . . . natural occurrences or other circumstances *beyond Chamberlain's control*," and that this provision gives Chamberlain "unfettered power." But this provision does not give Chamberlain "unfettered power" to cancel educational services offered to the students. The provision actually limits Chamberlain's power to circumstances within its control and not "beyond its control." A global pandemic is surely beyond Chamberlain's control. In addition, in exchange for Dean's tuition, she received the benefit of academic credit that counted toward her degree, educational instruction, grades, and no delay in graduation based on the transition to online classes. Thus, the promise to provide educational services was not illusory.

Dean advances an alternative argument that an implied contract exists between Chamberlain and Dean, and that Chamberlain breached that implied promise.

Under Ohio law, an implied-in-fact contract exists where "a meeting of the minds is demonstrated by surrounding circumstances allowing a factfinder to infer the existence of a contract by tacit understanding." *Alpha Telecomm., Inc. v. Int'l Bus. Machs. Corp.*, 241 F. App'x 301, 304-05 (6th Cir. 2007) (quoting *United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 919 (6th Cir. 2002)) (applying Ohio law). Accordingly, a complaint must include a "description of the conduct from which to infer a meeting of the minds," to survive a motion to dismiss for breach of implied contract." *Byler v. Air Methods Corp.*, 823 F. App'x 356, 361-62 (6th Cir. 2020) (applying Ohio law and explaining that a plaintiff must allege facts showing mutual assent through conduct).

Here, Dean argues that Chamberlain's website, printed literature, videos, campus tour and application process include extra information that embodied the agreement between Dean and Chamberlain, and it displayed Chamberlain's promise to provide in-person instruction. Dean points out that Chamberlain's Academic Catalog stated that she would receive a "combination of classroom and faculty-directed, student-focused learning." She also provided evidence from the Academic Catalog which states that nursing students would experience 672 hours of in person clinical experience. But, as the district court notes, this case is different from other cases that Ohio and federal courts have considered. In this case, there is a contract; whereas in other cases where no contract existed, the courts defined the terms of a student and university's contract by visiting the college or university's catalog, handbook, and/or other guidelines supplied to students. *See Behrend v. State*, 379 N.E.2d 617, 620 (Ohio Ct. App. 1977) ("Generally it may be stated that when a student enrolls in a college or university, pays his or her tuition and fees, and attends such

school, the resulting relationship may reasonably be construed as being contractual in nature."); *Prince v. Kent State Univ.*, No 11AP-493, 2012 WL 831013, at \*6 (Ohio Ct. App. Mar. 13, 2012) ("The terms of such a contract are found in the college or university catalog, handbook, and/or other guidelines supplied to the students."). However, neither *Behrend* nor *Prince* address an explicit contract.

Therefore, because Dean did not provide evidence sufficient to show that Chamberlain promised in-person teaching and clinical experiences under all circumstances, Dean's breach of contract claim fails.

## III.

Dean also appealed the district court's dismissal of her unjust enrichment claims. Dean argues that Chamberlain was conferred a benefit when she paid tuition and mandatory fees in exchange for in-person instruction and that the services and facilities were supported by the mandatory fees.

Under Ohio law, a plaintiff may establish a claim for unjust enrichment by demonstrating: (1) the plaintiff conferred a benefit upon the defendant; (2) the defendant had knowledge of the benefit; and (3) under the circumstances it would be unjust for the defendant to retain the benefit without payment. *Hobart Corp. v. Waste Mgmt. of Ohio*, 758 F.3d 757, 776 (6th Cir. 2014) (quoting *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005)).

Dean did not provide sufficient evidence to show that Chamberlain was unjustly enriched by Dean's payment of tuition or mandatory fees. Dean does not allege facts supporting the inference that her tuition would have been less if she decided to take classes online initially. She also does not allege facts supporting her general allegation that the mandatory fees that she paid were used for facilities that she could not utilize or services that she did not receive.

**IV.**

For the foregoing reasons we **AFFIRM** the district court's holding that: (1) Dean failed to provide sufficient evidence to bring a claim for breach of contract, and (2) Dean failed to sufficiently plead evidence to survive a motion to dismiss on her unjust enrichment claim.